**BOARD OF COMMISSIONERS OF the COUNTY OF HANCOCK and Irene H. Kramer, Auditor of Hancock County, Defendants–Appellants,**

v.

**Harold FORTH and Shirley Forth, Plaintiffs–Appellees.**

No. 06A01–8712–CV–320.

Court of Appeals of Indiana, First District.

Sept. 19, 1988.

David P. Murphy, Wolf, Robak & Murphy, Greenfield, Paul S. Kruse, Parr, Richey, Obremskey & Morton, Lebanon, for defendants-appellants.

Raymond M. Adler, Scott Allen Benkie, Adler & Benkie, Noblesville, for plaintiffs-appellees.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellants, Board of County Commissioners of Hancock County (the Commissioners) and Irene H. Kramer, Auditor of Hancock County (the Auditor), appeal from the Boone Circuit Court's judgment in favor of the plaintiff-appellees, Harold Forth (Forth) and Shirley Forth.

We reverse.

## STATEMENT OF THE FACTS

On August 11, 1982, Forth paid $749.90 to the Auditor for certain real property in Hancock County that was offered for sale for unpaid real property taxes. The record owners of the property were Jerry Deno (Deno) and Rita Deno. Forth received a tax sale certificate from the Auditor.

On August 10, 1984, the Auditor mailed a notice of tax sale redemption or issuance of deed to Deno. On August 13, 1984, Forth requested a tax deed for the Deno property. The Auditor told Forth that no deed could be issued until the time prescribed in the notice had expired, namely, until after September 17, 1984. The Auditor told Forth she would notify him after that date.

On September 17, 1984, Deno paid $1,541.35 to redeem the property. On September 18, 1984, Forth telephoned the Auditor's office and was told Deno had redeemed the property. The Auditor told Forth that he would be paid $1,541.35 upon surrender of his tax sale certificate.

On September 27, 1984, Forth sent a tort claim notice to the Auditor and the Commissioners demanding $50,000. On October 18, 1984, Forth submitted a claim for $50,000 to the Commissioners. The Commissioners refused to pay the claim. Thereafter, Forth filed a complaint, later amended, against the Auditor and Commissioners. Forth alleged that he had been damaged to the extent of $50,000 because the Auditor had refused to give him a deed to the Deno property. Forth asked for $50,000 and a deed to the Deno property.

On September 25, 1987, the jury rendered a verdict in favor of Forth in the sum of $45,000. The trial court subsequently entered judgment against the Auditor and Commissioners for that amount. From that judgment the Auditor and Commissioners have perfected this appeal.

## ISSUE

Because we reverse, we will discuss only that issue which is dispositive. That issue restated is:

> Whether the trial court erred in ruling Forth had an unconditional right to tender the tax sale certificate and to have a tax deed executed at the end of the two year period noted in IND.CODE 6–1.1–25–4.

## DISCUSSION AND DECISION

The Auditor and Commissioners contend the trial court erred in ruling Forth had an unconditional right to have a tax deed executed upon his presentment of the tax sale certificate at the end of the two year period noted in IND.CODE 6–1.1–25–4 (1982). This ruling resulted in the trial court's final instruction No. 5 which read:

> That this Court has determined that the only issues for you to decide are whether Mr. Forth tendered his Tax Sale Certificate to the Auditor or her agent or employee at the expiration of the two (2) year period and if you find that Mr. Forth did tender his tax sale certificate to the Auditor you are then to find for the Forth's and determine the amount of damages suffered by the Forths.

*Record* at 225. The Auditor and Commissioners assert that Forth's right to a tax deed was subject to the notice required to be sent to the property owner under IND. CODE 6–1.1–25–6 (1982). Therefore, they claim the resulting verdict and judgment for Forth were contrary to law.

The trial court in its ruling stated that IND.CODE 6–1.1–25–4 took precedence over IND.CODE 6–1.1–25–6.[1] IND.CODE 6–1.1–25–4(a) stated in part:

> If a certificate of sale is issued to a purchaser under IC 6–1.1–24–9 and the real property is not redeemed within two (2) years after the date the certificate is issued, or within ninety (90) days from the date of the certificate of sale from a purchasing agency qualified under IC 36–7–17, the county auditor shall, upon receipt of the certificate and *subject to the limitations contained in this chapter,* execute and deliver a deed for the property to the purchaser. (Emphasis added.)

While IND.CODE 6–1.1–25–6(a) stated in part:

> The county auditor shall send a notice by certified mail to the former owner of real property not more than sixty (60) days nor less than thirty (30) days *before a tax deed for the property is executed and delivered under this chapter.* (Emphasis added.)

Therefore, the trial court effectively ruled that a purchaser's right to a tax deed under IND.CODE 6–1.1–25–4 would exist even where the property owner had not been sent the requisite notice under IND.CODE 6–1.1–25–6.

To address the Auditor's and Commissioner's contention, we look to the cases of *Fields v. Evans* (1985), Ind.App., 480 N.E. 2d 575, *reh. denied,* 484 N.E.2d 36, and *Peterson v. Warner* (1985), Ind.App., 478 N.E.2d 692. In *Fields* the court held that former owners who never received notice of their right to redeem before issuance of a tax deed were entitled to have the tax deed set aside. The court stated in part:

> Any person with an interest in the property may redeem the property at any time before a tax deed is issued. IC 6–1.1–25–1. The tax deed is issued upon application by the tax sale purchaser after a two year waiting period, IC 6–1.1–25–4, *and* after notice to the "former owner" by certified mail. IC 6–1.1–25–6.

---

1. We note that IND.CODE 6–1.1–25–4 and IND. CODE 6–1.1–25–6 were subsequently amended by 1987 legislation to require that notice to the real property owner be sent not more than 60 days nor less than 30 days *prior* to the expiration of the redemption period in IND.CODE 6–1.1–25–4.

IC 6–1.1–25–16(7) provides that the original owner may defeat a tax deed by proving "that the notices required by IC 6–1.1–24–4 and [IC 6–1.1–25–6] were not given in the manner prescribed in those sections." (Emphasis added.) 480 N.E.2d at 577. In *Peterson* the court held that improper notice to the former owner under IND.CODE 6–1.1–25–6 rendered the tax deed invalid as a matter of law. The court noted that under IND. CODE 6–1.1–25–6 the owner was to receive notice near the end of the redemption period. The court stated:

> In the present case, a crucial statutory procedure is the requirement that notice be sent to the original owner not less than 30 or more than 60 days prior to the issuance of the tax deed. Indiana Code section 6–1.1–25–6. The obvious purpose is to give the owner, whose property has already been sold at a tax sale, the opportunity to redeem before the grace period expires.

478 N.E.2d at 694–95. This analysis reflects the rationale that statutes providing for the redemption of property sold at a tax sale are regarded as remedial in nature, to be liberally construed to favor the redemptioner. 27 I.L.E. *Taxation* § 241 (1960); *see also Michigan Mutual Life Ins. Co. v. Krogh* (1885), 102 Ind. 515, 2 N.E. 733.

The trial court and Forth relied upon the following language in *Calhoun v. Jennings* (1987), Ind., 512 N.E.2d 178 to support their position:

> Following the expiration of the redemption period, the tax sale purchaser, upon tendering the tax sale certificate, is absolutely entitled to have a tax deed executed and delivered.

*Id.* at 184.

*Calhoun* involved the constitutionality of the tax sale statutes under the fourteenth amendment due process clause. IND. CODE 6–1.1–24–4.2 required notice of the tax sale by certified mail to the property owner. IND.CODE 6–1.1–24–4.2 required notice of the tax sale by certified mail to a mortgagee if he requested it. In contrast, IND.CODE 6–1.1–25–6 required notice by certified mail to the property owner of either the pending lapse of the redemption period or the preparation of a tax deed for issuance to the tax sale purchaser. That statutory section omitted the mortgagee from such entitlement. Finally, a tax deed could be defeated under IND.CODE 6–1.1–25–16(7) by proving that the notice required by IND.CODE 6–1.1–25–4 and IND.CODE 6–1.1–25–6 was not given.

In *Calhoun* the mortgagee argued that it was denied due process because it was not entitled to either notice of the pending lapse of the redemption period or the preparation of a tax deed for issuance to the tax sale purchaser. However, the court held that the due process clause of the fourteenth amendment did not require such notice. The court did not hold that the statutory notice required under IND.CODE 6–1.1–24–4 or IND.CODE 6–1.1–25–6 need not be sent to the property owner prior to either the lapse of the redemption period or the issuance of a tax deed. Furthermore, the court did not hold that the latter notice had to be given within the two year redemption period stated in IND.CODE 6–1.-1–25–4.

The court in *Calhoun* held only that a mortgagee was not entitled to notice of either the pending lapse of the redemption period or the preparation of a tax deed for issuance to the tax sale purchaser. The above quoted statement relied upon by the trial court and Forth is dicta. The holdings and language in *Fields* and *Peterson* were not overturned or criticized. In fact the court in *Calhoun* cited *Fields* with approval. Therefore, Deno, as the property owner, was entitled to notice under IND.CODE 6–1.1–24–4 *and* IND.CODE 6–1.1–25–6 prior to either the lapse of the redemption or the subsequent issuance of a tax deed.

In conclusion, the Auditor properly refused to execute or tender a tax deed to Forth prior to the expiration of the redemption period stated in the notice to Deno. Forth's claim to the property would have matured only after the expiration of the stated redemption period in that notice. Consequently, Deno's timely redemption extinguished Forth's right to a tax deed.

For the above reasons, this cause is reversed and the trial court is ordered to enter judgment for the Auditor and Commissioners.

JUDGMENT REVERSED.

RATLIFF, C.J. and HOFFMAN, J., concur.