**WILDWOOD ACRES TRUST,**
Appellant–Petitioner,

v.

**FIRST CITIZENS STATE BANK,** Roxanne Petty and Darrell Horton,
Appellees–Respondents.

No. 83A04–9512–CV–481.

Court of Appeals of Indiana.

Oct. 24, 1996.

Mark A. Smith, Brian E. Hicks, Griffin & Smith, Indianapolis, for Appellant–Petitioner.

Henry L. Antonini, Antonini and Antonini, Clinton, for Appellee–Respondent First Citizens Bank.

James O. Hanner, Hanner & Hanner, Rockville, for Appellees-Respondents Petty and Horton.

## OPINION

CHEZEM, Judge.

### Case Summary

Petitioner–Appellant, Wildwood Acres Trust (Wildwood), appeals from the trial court's denial of Wildwood's petition for a tax deed to real estate located in Vermillion County, Indiana. Wildwood brings this action against respondent-appellees First Citizens Bank (First Citizens) and Roxanne Petty and Darrell Horton (Petty and Horton). We affirm.

### Issues

Wildwood raises the issue of whether a parcel of real estate sold at tax sale may be redeemed after the one year redemption period and after the tax sale purchaser has filed a petition for tax deed. We restate the issue on appeal as:

> Whether the specific findings of fact and conclusions of law entered by the trial court support redemption of property sold at tax sale.

### Facts and Procedural History

The facts most favorable to the judgment indicate that on October 1, 1993 the Treasurer and Auditor of Vermillion County, Indiana submitted a list of properties to the Vermillion Circuit Court for delinquent tax sale and an order of sale was issued by the court. On October 7, 1993, Ruby Frink conveyed a parcel of real estate to Petty and Horton by warranty deed, which deed was recorded on October 12, 1993. At the tax sale held on October 13, 1993, the Auditor sold the parcel in question to Wildwood. As the successful bidder, Wildwood was issued a tax sale certificate to the parcel the same day. Wildwood sent Petty and Horton notice of tax sale by certified mail on June 20, 1994, which was returned "Forwarding Order Expired." On that same date Wildwood sent First Citizens, mortgagee of the property, notice of tax sale by certified mail which was received by the bank. On July 13, 1994, Wildwood sent a second notice of tax sale to Petty and Horton, this time to an address obtained from a mortgage on the parcel, recorded in Vermil-

lion County. This notice was also returned "Forwarding Order Expired."

On December 2, 1994, Wildwood filed its verified petition asking the Vermillion Circuit Court to direct the Auditor to issue a tax deed for the property. Notice of this filing was sent by certified mail to Petty and Horton, the Auditor and First Citizens. The notice to Petty and Horton was returned by the postal service. On December 7, 1994, First Citizens paid the full amount required to redeem the parcel from the tax sale by tendering the amount to the Auditor. The court signed an order dated December 9, 1994 directing the Auditor to issue a tax deed for the parcel to Wildwood. On December 14, 1994 First Citizens petitioned the court to revoke the order directing the Auditor to issue a tax deed, which petition was granted the same day. Following the stipulated intervention of Petty and Horton as defendants, a hearing was held by the court. On July 26, 1995, the court entered findings of fact and conclusions of law denying the issuance of a tax deed to Wildwood. Wildwood's subsequent motion to correct errors was denied and this appeal ensued.

### Discussion and Decision

■ The trial court entered specific findings of fact and conclusions of law. The special findings will not be disturbed unless clearly erroneous. Ind. Trial Rule 52(A). We determine whether the evidence supports the findings and whether the findings support the judgment, and we disturb the judgment only where there is no evidence supporting the findings or the findings fail to support the judgment. *In Matter of Blackhawk Annexation,* 645 N.E.2d 650 (Ind.Ct. App.1995), *trans. denied.*

■ Indiana law provides for the sale of real property on which payments of property taxes or special assessments are delinquent. Ind.Code § 6–1.1–24–1, *et seq.* Prior to the sale, the county auditor must post notice[1] in the county courthouse and publish notice once each week for three consecutive weeks. Ind.Code § 6–1.1–24–3. The owner of the property is entitled to notice by certified mail to his last known address. Ind.Code § 6–1.1–24–4. After the required notice is provided, the county treasurer holds a public auction at which the real property is sold to the highest bidder. Ind.Code § 6–1.1–24–5. The purchaser acquires a certificate of sale which constitutes a lien against the real property for the entire amount paid. This lien is superior to all liens against the property which existed at the time the certificate was issued. Ind.Code § 6–1.1–24–9.

The occupant or person with a substantial property interest in the tract may redeem the property at any time before the date when the auditor is required to issue a tax deed. Ind.Code § 6–1.1–25–1. The property may be redeemed by paying the county treasurer a sum sufficient to cover the purchase price of the property at the tax sale, the amount of taxes and special assessments paid by the purchaser following the sale, specified costs, plus an additional percentage specified in the statute. Ind.Code § 6–1.1–25–2. Upon expiration of the one-year redemption period, proper notices having been given, the auditor shall execute and deliver a deed for the property to the purchaser. Ind.Code § 6–1.1–25–4. The purchaser or county auditor must notify the owner and any person with a substantial property interest of public record in the tract of the tax sale, the date of expiration of the period of redemption and the date on or after which a petition for tax deed will be filed. Ind.Code § 6–1.1–25–4.5. If the property is not redeemed within thirty days of the notice, and the redemption period has expired, the purchaser may petition the court to direct the county auditor to issue a tax deed to the property. Notice of the filing of the petition must be given to the auditor, owner and any person with a substantial interest of public record in the property. Upon proper findings, the court enters an order directing the county auditor to execute and deliver a deed for the property to the purchaser. Ind.Code § 6–1.1–25–4.6. *See Mennonite Bd. of Missions*

---

1. Petty and Horton cite Ind.Code § 6–1.1–24–2.1 and 4.2 regarding the required notices. Both sections have been repealed. P.L. 83–1989, secs. 14 and 18. Counsel is advised to exercise care in its preparation of briefs.

v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983).

By finding that First Citizens timely redeemed the property and thus denying the petition for tax deed per section 6–1.1–25–4.6, the trial court did not enter any findings or base its judgment on whether notice to Petty and Horton was sufficient under the statute. Because we affirm the trial court's judgment, we also will not address the sufficiency of notice to Petty and Horton, as First Citizens' redemption is dispositive.

Only two reported cases cite Ind.Code § 6–1.1–25–4.6. *See Northern Indus., Inc. v. Bd. of Comm'rs of the County of Delaware, Indiana,* 627 N.E.2d 1319 (Ind.Ct.App.1994) (failure by county which acquired tax sale certificate on real property to comply with statutory notice provisions rendered tax deed invalid); *Kiskowski v. O'Hara,* 622 N.E.2d 991 (Ind.Ct.App.1993), *trans. denied,* (county superior court lacked jurisdiction to set aside judgment of county circuit court in independent action to defeat tax deed title). Neither case addresses the situation where a redemption is made after the filing of a petition for tax deed, but before the issuance of an order directing the auditor to execute and deliver the tax deed to the tax sale purchaser.

"[T]he county auditor shall, upon receipt of the [tax sale] certificate and *subject to the limitations contained in this chapter,* execute and deliver a deed for the property to the purchaser." Ind.Code § 6–1.1–25–4 (emphasis added). One of the "limitations" is the requirement of proper notice. Real property sold at tax sale may be redeemed within the statutory redemption period, but depending upon when notice of the tax sale was given pursuant to section 6–1.1–25–4.5, the redemption period may be extended up to 3 months. Ind.Code § 6–1.1–25–4.6. Redemption clearly may be made after the expiration of the one-year redemption period. Because timely notice was given to First Citizens, Wildwood contends that the statute requires the auditor to issue the tax deed immediately upon the tax sale purchaser's completion of all steps necessary to obtain the tax deed. Wildwood cites our supreme court's decision in *Calhoun* in support. *Calhoun v. Jennings,* 512 N.E.2d 178 (Ind.1987).

In *Calhoun,* the Court held that due process did not require that a mortgagee of real property receive actual notice prior to the issuance of a tax deed for that property. The section of the statute relied on by the Court in *Calhoun,* Ind.Code § 6–1.1–25–6, has since been repealed and section 6–1.1–25–4.5 added to also require notice to a "person with a substantial property interest of public record," which would include mortgagees. P.L. 83–1989, secs. 14 and 18. In holding that the county auditor wrongly refused to issue a tax deed to the tax sale purchaser, the Court in *Calhoun* stated, "[f]ollowing the expiration of the redemption period, the tax sale purchaser, upon tendering the tax sale certificate, is absolutely entitled to have a tax deed executed and delivered." 512 N.E.2d at 184. Wildwood contends that upon filing its petition for tax deed, it was absolutely entitled to have the tax deed executed and delivered, and that no redemption should have been permitted prior to the court entering its order to the auditor. In holding that a redemption may be made *after* the expiration of the redemption period, another panel of the Court of Appeals referred to the "absolutely entitled" language in *Calhoun* and stated "[t]he above quoted statement relied upon by the trial court ... is dicta." *Board of Comm'rs of County of Hancock v. Forth,* 528 N.E.2d 490, 492 (Ind.Ct.App.1988), *trans. denied.* In addition, Ind.Code § 6–1.1–25–4.6 had not been enacted at the time *Calhoun* was decided. This section provides another "limitation" on the authority of the auditor to execute and deliver a tax deed under section 6–1.1–25–4, namely, that a verified petition must be filed in court. After the petition is filed,

(b) The court shall enter an order directing the county auditor (on the production of the certificate of purchase and a certified copy of the order) to issue to the purchaser or the purchaser's assignee a tax deed if the court finds that the following conditions exist:

(1) The time of redemption has expired.

(2) *The tract or real property has not been redeemed from the sale.*

(3) All taxes and special assessments, penalties, and costs have been paid.

(4) The notices required by law have been given.

(5) The petitioner has complied with all the provisions of law entitling the purchaser or the purchaser's assignee to a deed.

Ind.Code § 6–1.1–25–4.6(b) (emphasis added).

 Therefore, the auditor is not "required to issue a tax deed under section 4 of this chapter" as stated in Ind.Code § 6–1.1–25–1 until the court enters its order directing the auditor to do so. Statutes providing for the redemption of property sold at a tax sale are regarded as remedial in nature, to be liberally construed to favor the redemptioner. *Forth*, 528 N.E.2d at 492. In this light, the trial court's conclusion of law that redemption may occur up to the time the tax deed is actually issued is not clearly erroneous.

Affirmed.

RILEY and FRIEDLANDER, JJ., concur.