In re the Matter of the 1989 LAKE COUNTY TAX SALE.

YALE FINANCIAL SYSTEMS, LTD., Appellant–Petitioner,

v.

Lynda SANDERS and Gainer Bank, Appellees–Respondents.

No. 45A03–9705–CV–144.

Court of Appeals of Indiana.

Feb. 10, 1998.

---

Mark A. Bates, Schererville, for Appellant–Petitioner.

Robert E. Stochel, Hoffman & Stochel, Crown Point, for Appellees–Respondents.

## OPINION

STATON, Judge.

Yale Financial Systems, Ltd. brings this appeal contending that the trial court erred by granting Lynda Sanders' motion for summary judgment and by failing to enter summary judgment in its favor. Yale raises three issues, one of which is dispositive. We restate it as: whether Sanders properly redeemed her real estate, following Yale's purchase of it at a tax sale, thereby entitling her to judgment as a matter of law.

We affirm.

Sanders' real estate had been ordered sold at a tax sale on October 16, 1989. Before a year had expired, Yale, the purchaser, petitioned the Lake Circuit Court to order the Lake County Auditor to issue a tax deed as of October 17, 1990. Later, on October 11, 1990, the court ordered the Lake County Auditor to issue Yale a tax deed dated October 17, 1990.

Almost a month later, Gainer Bank, N.A. having an interest in the real estate as a mortgagee, filed a petition to intervene. The petition to intervene was granted along with Sanders' petition to intervene. Gainer's purpose to intervene was to maintain that the October 11, 1990 order of the Lake Circuit Court was invalid because the court could not prospectively order the Lake County Auditor to issue a tax deed. The court sustained Gainer's motion, vacated its order, and canceled Yale's tax deed. Later, Yale requested a trial.

. In the meantime, Sanders filed a voluntary bankruptcy petition which delayed the trial several years. Later on November 22, 1996, Sanders redeemed the property from the tax sale by paying $12,141.96 to the Lake County Auditor. Additionally, Sanders filed a motion for summary judgment contending, *inter alia*, that because she redeemed the real estate she was entitled to judgment as a matter of law. The motion was granted; Yale appeals.

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judg-

ment as a matter of law. Ind. Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact and he is entitled to judgment as a matter of law. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Stephenson v. Ledbetter*, 596 N.E.2d 1369, 1371 (Ind.1992). At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. T.R. 56(C).

When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. *Reed v. Luzny*, 627 N.E.2d 1362, 1363 (Ind.Ct.App.1994), *reh. denied, trans. denied.* We may sustain a summary judgment upon any theory supported by the designated materials. T.R. 56(C).

On appeal, Yale argues that genuine issues of material fact exist which precluded the trial court from granting Sanders' motion for summary judgment. In its brief, however, Yale identifies no facts which we can discern that raise genuine issues of material fact. The facts are uncontested. Instead, Yale is arguing that Sanders was not entitled to judgment as a matter of law. Yale's argument is based upon its assertion that Sanders could not properly redeem her real estate given the facts of this case.

Since Sanders' real estate was sold at a tax sale in 1989, the statutes in effect at that time regarding tax sales and the redemption of property govern this case. *Edwards v. Johnson*, 105 Ind. 594, 5 N.E. 716, 717 (1886). Those statutes are found at IND. CODE §§ 6–1.1–24–1 to 6–1.1–25–19 (1988 & Supp. 1989). In *Wildwood Acres Trust v. First Citizens State Bank*, 671 N.E.2d 1199 (Ind. Ct.App.1996), we recently discussed how those statutes function.

Indiana law provides for the sale of real property on which payments of property taxes or special assessments are delin-

quent. IND. CODE § 6–1.1–24–1, *et. seq.* Prior to the sale, the county auditor must post notice in the county courthouse and publish notice once each week for three consecutive weeks. IND. CODE § 6–1.1–24–3. The owner of the property is entitled to notice by certified mail to his last known address. IND. CODE § 6–1.1–24–4. After the required notice is provided, the county treasurer holds a public auction at which the real property is sold to the highest bidder. IND. CODE § 6–1.1–24–5. The purchaser acquires a certificate of sale which constitutes a lien against the real property for the entire amount paid. This lien is superior to all liens against the property which existed at the time the certificate was issued. IND. CODE § 6–1.1–24–9.

The occupant or person with a substantial property interest in the tract may redeem the property at any time before the date when the auditor is required to issue a tax deed. IND. CODE § 6–1.1–25–1. The property may be redeemed by paying the county treasurer a sum sufficient to cover the purchase price of the property at the tax sale, the amount of taxes and special assessments paid by the purchaser following the sale, specified costs, plus an additional percentage specified in the statute. IND. CODE § 6–1.1–25–2. Upon expiration of the one-year redemption period, proper notices having been given, the auditor shall execute and deliver a deed for the property to the purchaser. IND. CODE § 6–1.1–25–4. The purchaser or county auditor must notify the owner and any person with a substantial property interest of public record in the tract of the tax sale, the date of expiration of the period of redemption and the date on or after which a petition for tax deed will be filed. IND. CODE § 6–1.1–25–4.5. If the property is not redeemed within thirty days of the notice, and the redemption period has expired, the purchaser may petition the court to direct the county auditor to issue a tax deed to the property. Notice of the filing of the petition must be given to the auditor, owner and any person with a substantial interest of public record in the proper-

ty. Upon proper findings, the court enters an order directing the county auditor to execute and deliver a deed for the property to the purchaser. IND. CODE § 6–1.1 –25–4.6.

*Wildwood,* 671 N.E.2d at 1201 (footnotes omitted).[1]

■ The sole issue which must be decided in this case is whether Sanders properly redeemed her real estate when she paid $12,141.96 to the Lake County Auditor on November 22, 1996, seven years after Yale purchased the property at a tax sale. Three statutes control our decision. First is IC 6–1.1–25–1 (1988), which provides:

An occupant or person with a substantial property interest of public record ... in a tract sold under IC 6–1.1–24 may redeem the tract *at any time before the date when the county auditor is required to issue a tax deed* under section 4 of this chapter by paying to the county treasurer the amount required for redemption under section 2 of this chapter.

(Emphasis added). Thus, as the owner of the real estate, Sanders was entitled to redeem her property "at any time before the date when the county auditor [was] *required to issue* a tax deed under section 4 of [chapter 25]." *Id.* (Emphasis added).

■ IC 6–1.1–25–4 (Supp.1989), referred to in IC 6–1.1–25–1, provides in relevant part:

If a certificate of sale is issued to a purchaser ... and the real property is not redeemed within ... one (1) year after the date of sale ... the county auditor shall, upon receipt of the certificate and *subject to the limitations contained in this chapter,* execute and deliver a deed for the property to the purchaser.

(Emphasis added). Thus, as a general rule, a purchaser of real property at a tax sale is entitled to a tax deed if parties with an interest in the property fail to redeem it within one year. However, as we noted in *Wildwood,* this general rule is subject to limitations contained in other sections within IC 6–1.1–25. 671 N.E.2d at 1202. One such

limitation is contained in IC 6–1.1–25–4.6 (Supp.1989) which requires a purchaser to petition the court to enter an order directing the county auditor to issue a tax deed. Without such an order from the court, the auditor may not issue a tax deed despite the fact that no one has redeemed the property and one year has expired since the purchase of the real estate. *Id. See also Wildwood,* 671 N.E.2d at 1202.

Because IC 6–1.1–25–1 allows a person with a substantial property interest to redeem the property "at any time before the date when the county auditor *is required to issue* a tax deed under section 4," we concluded in *Wildwood* that a person could still redeem the property after one year has passed as long as a trial court has not yet ordered the county auditor to issue a tax deed. 671 N.E.2d at 1203. Until an order is issued by the court, the county auditor is not required to issue a tax deed. We believe *Wildwood* accurately interprets IC 6–1.1–25–1, IC 6–1.1–25–4, and IC 6–1.1–25–4.6, and we decline Yale's request that we refuse to follow it.

Applying the statutes and *Wildwood* to the present case makes apparent that Sanders properly redeemed her property. Here, Sanders redeemed the property at a time when the trial court had not ordered the Lake County auditor to issue a tax deed. Thus, pursuant to IC 6–1.1–25–1, the county auditor was not required to issue a tax deed and Sanders was entitled to redeem the property.

Yale makes several arguments against the conclusion we reach today. First, Yale argues that the facts of *Wildwood* and the present case differ such that we should hold *Wildwood* inapplicable to this case. In *Wildwood,* a purchaser of real estate at a tax sale filed a petition with the trial court requesting that it order the county auditor to issue a tax deed. The purchaser's petition was timely because over a year had passed since it bought the real estate. On the same day, the purchaser notified interested parties of the petition. Five days after the purchaser filed its petition but two days before the court

---

1. The facts in *Wildwood* required the use of the 1993 versions of the statutes cited above. Nevertheless, the substantive provisions of the statutes do not differ from those which existed in 1989.

entered an order directing the auditor to issue a tax deed, a bank with an interest in the property redeemed it by tendering the correct amount of money to the auditor. Thereafter, the bank successfully petitioned the court to revoke its order requiring the auditor to issue a tax deed.

Yale notes that in *Wildwood* the bank acted promptly to redeem its property once it had notice of the purchaser's petition, whereas Sanders waited over six years from the time she had notice of Yale's purchase to redeem her property. The language of IC 6–1.1–25–1 makes clear, however, that property may be redeemed "at any time" before the date when the county auditor is required to issue a tax deed. As discussed above, a county auditor may not issue a tax deed until a court orders it to do so. IC 6–1.1–25–4.6. Thus, as long as the county auditor has not been ordered by the trial court to issue a deed, a person with a substantial property interest may redeem the property regardless of the amount of time which has passed from the date of the initial sale.[2]

Second, Yale distinguishes *Wildwood* because unlike the purchaser in *Wildwood*, Yale was issued a tax deed prior to Sanders' effort to redeem her property. Prior to either Sanders' or Gainer's intervention, the trial court ordered the Lake County Auditor to issue a tax deed to Yale. Some time on or after October 17, 1990, the Lake County Auditor issued the deed. However, the Lake Circuit Court, in response to a petition by Gainer, ultimately vacated its order and canceled Yale's tax deed.

While we agree that Sanders would have been prevented from redeeming her property if Yale's tax deed had withstood the petition to vacate, the fact remains that it did not. At the time Sanders redeemed her property, Yale did not possess a tax deed and the trial court had not ordered the Lake County Auditor to issue one. The present case cannot be distinguished from *Wildwood* based on a court order and a tax deed which were ultimately vacated and canceled.

Finally, Yale argues that the trial court erred by vacating its order and canceling Yale's original deed in 1990. IC 6–1.1–25–4.6(b) allows a court to enter an order directing the county auditor to issue a tax deed only where the court finds that certain conditions exist. One of those conditions is that "the time of redemption has expired." IC 6–1.1–25–4.6(b)(1). A trial court may not enter a finding that "the time of redemption has expired" until that event actually occurs, which in most cases is one year after the purchaser buys the property at a tax sale. IC 6–1.1–25–4. Here, the trial court's order was dated October 11, 1990, five days prior to the one year anniversary of Yale's purchase of Sanders' property. Although the trial court noted in its order that it was not to take effect until October 17, 1990, the trial court's order was nevertheless invalid because the court was prohibited by IC 6–1.1–25–4.6(b)(1) from issuing any valid order until after the one year anniversary. The trial court did not err by vacating its order and canceling Yale's deed.

We hold that because Sanders redeemed her property prior to the trial court ordering the Lake County Auditor to issue Yale a tax deed, Sanders' redemption was proper pursuant to IC 6–1.1–25–1. Accordingly, Sanders was entitled to judgment as a matter of law and the trial court did not err by granting her motion for summary judgment.

Affirmed.

GARRARD and HOFFMAN, JJ., concur.

---

**2.** Yale also argues that Sanders should not be allowed to rely on *Wildwood* because she caused the substantial delay in this matter by filing for bankruptcy. Yale fails to cite any authority or to make any cogent legal argument as to why this delay should result in Sanders being unable to redeem her property. Accordingly, we deem this argument waived. Ind. Appellate Rule 8.3(A)(7).