Louis J. KISKOWSKI and Mary
H. Kiskowski, Appellants–
Defendants Below,

v.

Maureen Gillis O'HARA, Appellee–
Plaintiff Below.

No. 20A03–9302–CV–73.

Court of Appeals of Indiana,
Third District.

Oct. 27, 1993.

Fred R. Hains, South Bend, for appellants-defendants.

Edward N. Kalamaros, Edward N. Kalamaros & Assts., South Bend, for appellee-plaintiff.

STATON, Judge.

Louis and Mary Kiskowski (the "Kiskowskis") appeal the judgment of the Elkhart Superior Court, No. 2, which set aside the tax deed issued to them by the order of the St. Joseph Circuit Court. The Kiskowskis raise two issues for our review, and on cross-appeal, O'Hara raises one issue for our review. We conclude two issues are dispositive and restate them as follows:

I. Whether the St. Joseph Circuit Court was the proper forum to bring the appeal to defeat title conveyed by tax deed, pursuant to IND.CODE 6–1.1–25.

II. Whether the Elkhart Superior Court had jurisdiction to set aside the tax deed issued by order of the St. Joseph Circuit Court.

We reverse.

In 1986, Maureen Gillis O'Hara ("O'Hara") purchased the real property in issue. Because O'Hara's Warranty Deed was not recorded in the county auditor's office, O'Hara did not receive tax statements, and the taxes on the property became delinquent. In October 1989, the Kiskowskis purchased this property at the tax sale. In November 1990, by order of the St. Joseph Circuit Court, the county auditor issued the Kiskowskis a tax deed for the property.

In May 1991, O'Hara filed her complaint to appeal the tax deed conveyance in the St. Joseph Circuit Court pursuant to IND. CODE 6–1.1–25 (Supp.1989). In the same complaint, she also asserted claims against various third parties regarding the failure to record her deed in the auditor's office. Later, by motion, venue was transferred to the Elkhart Superior Court.

O'Hara amended her complaint in the Elkhart Superior Court based on Ind.Trial Rule 60(B)(4). Ultimately, the Elkhart Superior Court determined it lacked jurisdiction over the appeal under IC 6–1.1–25 to defeat the title conveyed by tax deed but considered the T.R. 60(B) amendment to be an independent action which did not have to be filed before the St. Joseph Circuit Court. Based on the independent action, the Elkhart Superior Court then granted O'Hara's motion for summary judgment. The Kiskowskis appeal.

## I.

### *Appeal*

■ IND.CODE 6–1.1–25–4.6(f) (Supp. 1992) provides "[a] tax deed issued under this section is incontestable except by ap-

peal from the order of the court directing the county auditor to issue the tax deed." The parties dispute where the action should have been filed based on the use of "appeal" by the General Assembly.

The Kiskowskis contend, because an appeal is the removal of a civil action from an inferior court to a superior court, O'Hara's appeal to defeat the title conveyed by tax deed should have been filed with the Court of Appeals. *Hall v. Kincaid* (1917), 64 Ind.App. 103, 115 N.E. 361, 365. However, *Hall, supra,* also recognizes the term "appeal" has several meanings.

■ Moreover, the court of appeals does not consider evidence presented for the first time on appeal. *See Brendonwood Common v. Kahlenbeck* (1981), Ind.App., 421 N.E.2d 421, *trans. denied.* O'Hara's appeal relies on IND.CODE 6–1.1–25–16 (Supp.1992) which provides "A person may, upon appeal, defeat the title conveyed by a tax deed executed under [IND.CODE 6–1.1–25–4] only if: ... (7) the notices required by IC 6–1.1–24–4, and sections 4.5 and 4.6 of this chapter were not in substantial compliance with the manner prescribed in those sections." Whether the notice "substantially complied" is a determination based on the facts and circumstances of the case and is a question of fact.

If an appeal from the order of the St. Joseph Circuit Court is taken to this court, the only evidence reviewed would be that in the record when such an order was made. The evidence necessary for O'Hara to show the notice did not "substantially" comply would not be available to this court. *Kahlenbeck, supra.* Because the additional proof necessary to determine whether the notice "substantially complied" is not in the original record, we conclude that this IC 6–1.1–25 appeal was properly filed in the St. Joseph Circuit Court where the necessary evidence can be presented and the factual determinations can be made.

## II.

### *Jurisdiction*

Before turning to the jurisdictional issue, the substance of O'Hara's complaint must

be examined. O'Hara's complaint asserted an appeal under IC 6–1.1–25 and a series of claims against third parties arising from the alleged failure to record her deed. The claims against the third parties were properly filed in the St. Joseph Circuit Court, and these claims represent a separate and distinct action from the appeal under IC 6–1.1–25.

■ While the claims against these third parties were subject to a change of venue under Ind.Trial Rule 76, we conclude the appeal under IC 6–1.1–25 was not subject to a change of venue. Permitting a change of venue in the appeal under IC 6–1.1–25 would improperly allow a court of equal jurisdiction to set aside a judgment from a different court of equal jurisdiction. *Traders' Loan & Investment Co. v. Houchins* (1924), 195 Ind. 256, 260, 144 N.E. 879, 880. Moreover, if the General Assembly wished to permit a change of venue, it could have specifically provided for such in IC 6–1.1–25. *See generally,* IND.CODE 36–9–27–107 (1988).

■ Because the Elkhart Superior Court relied on an independent action to set aside the order of the St. Joseph Circuit Court, the conclusion that the Elkhart Superior Court lacks jurisdiction over the appeal does not end our inquiry. The Elkhart Superior Court found O'Hara could bring an independent action in the Elkhart Superior Court, pursuant to Ind.Trial Rule 60(B), to set aside the judgment of the St. Joseph Circuit Court. The Kiskowskis argue the Elkhart Superior Court lacked the jurisdiction to entertain such an action. We agree. *See Traders' Loan & Investment Co., supra* (the Gibson Circuit Court lacked the jurisdiction to set aside and change the judgment of the Pike Circuit Court); *Purcell v. Davie* (1957), 237 Ind. 700, 145 N.E.2d 729 (the LaPorte Circuit Court properly dismissed an action filed to attack the judgment of the Greene Circuit Court). While T.R. 60(B) provides for the filing of an independent action to relieve a party from a judgment or order, we conclude that such independent actions must be filed in the court which issued the judgment or the order.

Moreover, the Elkhart Superior Court treated O'Hara's Count X which dealt with T.R. 60(B) as an independent action. While such an independent action is permitted by the trial rules, *"[a] tax deed issued under this section is incontestable except by appeal* from the order of the court directing the county auditor to issue the tax deed." IC 6–1.1–25–4.6(f) (emphasis added). The limitations placed on a statutory remedy are strictly construed. *Matter of Annexation, Etc.* (1978), 178 Ind.App. 645, 383 N.E.2d 481, 483, *reh. denied.* Because the independent action was not an appeal of the order in accordance with IC 6–1.1–25–16, we conclude the trial court lacked jurisdiction to entertain such an independent action.

We reverse.

HOFFMAN and MILLER, JJ., concur.