NORTHERN INDUSTRIES, INC., Appellant–Plaintiff,

v.

The BOARD OF COMMISSIONERS OF THE COUNTY OF DELAWARE, INDIANA, Kent Riggin, Auditor of Delaware County, Indiana, and Claudine Hoepner, Appellees–Defendants.

No. 18A02–9210–CV–00466.

Court of Appeals of Indiana, Second District.

Jan. 27, 1994.

William H. Bales, Jr., Bales and Alexander, Muncie, for appellant-plaintiff.

Donald D. Chiapetta, Muncie, for appellee-defendants.

SHIELDS, Judge.

The issue we determine today is whether a county is required to comply with the notice provision of IC 6–1.1–25–4.5 (1992 Supp.) when it sells real estate which it acquired for delinquent real property taxes. In order to reach that issue we must also decide whether this action was initiated in the proper forum.

### FACTS

Northern Industries, Inc., filed a complaint to set aside various Commissioners' Deeds by which Delaware County conveyed the real estate in question to Claudine Hoepner. The real estate previously had been owned by Northern Industries but was acquired by Delaware County as a result of delinquent real property taxes. The case was submitted to the trial court upon the following stipulated facts:

1. That pursuant to an order of the Delaware Circuit Court entered October 2, 1989, the Auditor of Delaware County offered for sale on the 12th day of October, 1989, real estate of [Northern Industries] ... for payment of delinquent taxes, interests, and penalties thereon.

2. That the real estate of [Northern Industries] being then offered by the Auditor for the second consecutive year without any bid or offer, the Auditor did on January 1, 1990, issue Certificates of Sale to the [Board of Commissioners].

3. That on December 28, 1990, the Auditor executed and delivered to the [Board of Commissioners] the several "Title to Tax Deed to County" instruments, which said deeds were recorded January 10, 1991....

5. That the [sic] prior to the execution and recording of [the deeds], the [Board of Commissioners] did not give or cause to be given to [Northern Industries] the notice of sale of real estate and the date of the expiration of the period of redemption as [sic] such notice is described in IC 6–1.1–25–4.5.

6. That prior to the execution and recording of [the deeds], the [Board of Commissioners] did not file the petition with the Circuit Court or cause notice of the filing of said petition to be given as such petition and notice are described in IC 6–1.1–25–4.6.

7. That by deed dated June 10, 1991, the [Board of Commissioners] executed and delivered to [Hoepner] it's [sic] "Commissioners' Deed" ...; and that on June 26, 1991, the [Board of Commissioners] executed and delivered to [Hoepner], [sic] it's [sic] Commissioners' Deed....

The trial court granted judgment against Northern Industries; it appeals.

### DISCUSSION

#### I.

■ Hoepner argues that Northern Industries, in initiating a complaint in the Delaware Circuit Court, sought to attack the various deeds in an improper forum; that IC 6–1.1–25–16 (1992 Supp.) requires that "an appeal be filed with the appropriate Indiana Court of Appeals in order to contest" the subject deeds. Appellee's Brief at 8.

Ind.Code 6–1.1–25–16 provides, in relevant part, that "[a] person may, upon appeal, defeat the title conveyed by a tax deed executed under section 4 of this chapter only if ... the notices required by IC 6–1.1–24–4 and sections 4.5 and 4.6 of this chapter were not in substantial compliance with the manner prescribed in those sections." IC 6–1.1–25–16(7). The subject real estate was conveyed to Delaware County pursuant to tax deeds executed under "section 4 of this chapter [IC 6–1.1–25–4 (1992 Supp.)]."

A similar argument was raised and rejected in *O'Hara v. Kiskowski* (1993), Ind.App., 622 N.E.2d 991. Because O'Hara failed to record the warranty deed to property she purchased in the county auditor's office, she failed to receive property tax statements and the taxes on the property became delinquent. The property was eventually sold at a tax sale to the Kiskowskis, who were later issued a tax deed for the property. O'Hara filed a

complaint in the local circuit court to attack the tax deed pursuant to IC 6–1.1–25. An issue was raised as to whether the action was properly filed based on the statutory use of the term "appeal." This court determined that an "IC 6–1.1–25 appeal" is properly filed in the trial court "where the necessary evidence can be presented and the factual determinations can be made." *Id.* at 992. Therefore, the trial court correctly determined that Northern Industries properly sought relief in the Delaware Circuit Court.

## II.

Having determined that Northern Industries properly filed its claim in a trial court, we next consider the merits of its appeal.

■ Our legislature has set out a specific statutory scheme regulating the sale of property for delinquent taxes as well as the applicable redemption rights of owners and others with substantial property interests in the property. *See* IC 6–1.1–24 (1988 & 1992 Supp.); IC 6–1.1–25 (1988 & 1992 Supp.). The sale phase of the statutory scheme terminates with the issuance of a certificate of sale. A certificate of sale is acquired in one of two ways: (1) a purchaser at a public sale receives a certificate upon payment of the bid, IC 6–1.1–24–9 (1988); or (2) the county receives a certificate of sale if a bid equal to the delinquency is not received after two consecutive years of offering. IC 6–1.1–24–6 (1992 Supp.). This latter statute provides:

(a) When a tract of real property is offered for sale under this chapter for two (2) consecutive tax sales and an amount is not received equal to or in excess of the minimum sale price prescribed in section 5(e) of this chapter, the county acquires a lien in the amount of the minimum sale price. This lien attaches on November 1 of the second year in which the tract is offered for sale.

(b) When a county acquires lien under this section, the county auditor shall issue a tax sale certificate to the county in the manner provided in section 9 of this chapter. The county auditor shall date the certificate the day that the county acquires the lien. When a county acquires a certificate under this section, the county has the same rights as a purchaser. However, the county shall hold the property for the taxing units described in subsection (c).

(c) When a lien is acquired by a county under this section, no money shall be paid by the county. However, each of the taxing units having an interest in the taxes on the tract shall be charged with the full amount of all delinquent taxes due them.

IC 6–1.1–24–6. The present case concerns just such a situation. Because a bid equal to the statutory minimum was not received, Delaware County acquired certificates of sale for Northern Industries' real estate property pursuant to IC 6–1.1–24–6.

The redemption phase, or tax deed phase, commences with the issuance of a certificate of sale and terminates upon expiration of the statutory period of redemption. Thus, IC 6–1.1–25–4 (1992 Supp.) provides, in relevant part:

If a certificate of sale is issued to a county under IC 6–1.1–24–9 and the real property is not redeemed within one (1) year after the date of sale, the county auditor shall, upon receipt of the certificate and subject to the limitations contained in this chapter, issue a deed for the property to the county.

The grammatical structure of this sentence evidences the legislative mandate that the limitations described in chapter 25 restrict the county auditor's authority to issue a deed to the county. The limitation contained within chapter 25 that is relevant here appears in IC 6–1.1–25–4.5.[1] This statute reads, in relevant part:

---

**1.** An alternative procedure is provided in section 4.6. IC 6–1.1–25–4.6(a) permits a "purchaser or purchaser's assignee" to file a petition seeking a court order directing the auditor to issue a tax deed if the property is not redeemed by the redemption date. Under this section, the petitioner must give notice of the petition and the date on which the petitioner intends to apply for

an order (presumably the date the redemption period expires). The benefit to this section lies in IC 6–1.1–25–4.6(d): "A tax deed issued under this section is incontestable except by appeal from the order of the court...." Thus, if a petition is granted and a tax deed issued under this section, the title conveyed would be free and clear upon expiration of the time in which to

(a) A purchaser or an assignee is entitled to a tax deed to the property that was sold only if, not less than three (3) months or more than five (5) months prior to the expiration of the period of redemption ..., the purchaser or assignee ... gives notice of the sale and the date of expiration of the period of redemption to the owner and any person with a substantial property interest of public record in the tract or real property.

IC 6–1.1–25–4.5(a).

Northern Industries argues that Delaware County was required to comply with the foregoing provision that a purchaser give notice of the sale and the date the redemption period will expire, and that the County's failure to do so invalidates its title to the subject real estate and, correspondingly, the conveyances to Hoepner.

In response, Hoepner argues that IC 6–1.1–24–6, which states that "[w]hen a county acquires a certificate [of sale] under this section, the county has the same rights as a purchaser," impose upon the county only the rights, and not the duties, of a purchaser.

The flaw in Hoepner's argument is that it fails to recognize that chapter 25 confers only rights; that is, the right to something provided certain conditions are fulfilled. The statutes do not impose duties; that is, the duty to do something with something you already have acquired. For example, pursuant to IC 6–1.1–25–4.5, a purchaser is "entitled to a tax deed ... only if ... the purchaser ... gives notice...." Thus, the purchaser has the right to a tax deed provided the purchaser complies with the notice requirement. The purchaser does not have the duty to comply with the notice requirement after receiving the deed.

■ Therefore, because a county as certificate holder has the same rights as a purchaser, it is entitled to a tax deed only after appropriate notice is given.

This result is supported by *Peterson v. Warner* (1985), Ind.App., 478 N.E.2d 692. This court in *Peterson* invalidated a deed

from Lake County to a subsequent purchaser upon a showing by the delinquent owner, Warner, that the form of the notice purportedly sent by the county auditor failed to comply substantially with the requirements of IC 6–1.1–25–6. This statute, the predecessor to IC 6–1.1–25–4.5, placed the burden of providing notice of the redemption period on the county auditor in all instances. However, the essence of the amendment was merely to shift the burden of giving notice from the county auditor to the party seeking the tax deed, not to lift the burden entirely.

Finally, because the notice required by IC 6–1.1–25–4.5 allows persons with interests in property that has been the subject of a tax sale to protect their interests, *see Hoepner v. Wright* (1993), Ind.App., 622 N.E.2d 989, 990, we discern no rational reason to protect these interests any less when the county is the holder of the certificate of sale than when the holder is some other entity.

Delaware County sought tax deeds to the subject real estate. Therefore, it was required to comply with the notice provisions of IC 6–1.1–25–4.5. Because it failed to do so, the tax deeds it received from the county auditor were invalid. *See* IC 6–1.1–25–16(7) (failure to provide notice invalidates tax deed); *Peterson*, 478 N.E.2d at 695 (failure to comply with statutory requirements renders tax deed void). Consequently, the deeds from the county to Hoepner were also invalid.

The judgment of the trial court is reversed and this cause is remanded to the trial court for proceedings consistent with this opinion.

FRIEDLANDER and BARTEAU, JJ., concur.

---

perfect an appeal. IC 6–1.1–25–4.6(a), however, is permissive; it does not require a certificate holder to file a petition before obtaining a tax

deed. Delaware County did not elect to pursue this alternative.