STAR FINANCIAL BANK, Appellant (Intervenor–Plaintiff),

v.

Violet SHELTON and Tom Terry, Appellees, (Intervenors–Defendants).

No. 18A04–9708–CV–359.

Court of Appeals of Indiana.

March 9, 1998.

---

Mark E. Spitzer, Browne Spitzer Herriman Stephenson Holderead & Musser, Marion, for appellant.

Jon L. Orlosky, Muncie, for Tom Terry.

Ronald L. Henderson, Muncie, for Violet Shelton.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Star Financial Bank appeals the dismissal of its complaint as an intervenor against Tom Terry and Violet Shelton. We affirm.

### FACTS

Tom Terry filed a complaint for possession against Violet Shelton in Delaware Superior Court No. 4, alleging that on October 20, 1992, he had "purchased through tax sale" certain property for which he received a deed "through tax sale through the Delaware County Circuit Court on cause number 18C01–9312–MI–53," (R. 9), and that Shelton wrongfully continued to occupy the premises thereon. Subsequently, Star Financial Bank moved to intervene on the grounds that it claimed an interest in the subject property of Terry's action. Star was granted leave to intervene and made a party to the action. Star's complaint named Shelton and Terry as defendants. The complaint claimed that because Shelton had pledged a certain modular home as security for a Retail Installment Contract and Security Agreement held by Star and was delinquent on that contract, Star was entitled to possession of the modular home. The complaint further claimed that because Star had not been properly notified about the tax sale proceedings, "said tax sale should be set aside and a new sale held." (R.Supp. 4).

Terry's answer to the Star complaint stated that upon his receipt of a tax deed on January 4, 1994, "all title and interest in said modular home" had passed to him. (R. 18). Terry asked the court to "enter judgment quieting title to the subject real estate, including the modular home affixed thereto." *Id.*

Thereafter, Terry orally moved the Delaware Superior Court to dismiss Star's complaint for lack of subject matter jurisdiction. The CCS indicates that argument was heard but no recording was made; thus, the record does not reflect Terry's authority for claiming that the Delaware Superior Court was without jurisdiction. The trial court granted the motion upon finding that "pursuant to

Indiana Code § 6–1.1–24–4.7(f), the Delaware County Circuit Court has exclusive jurisdiction to decide issues relating to tax sale properties," and "the issues raised in this action stem directly from the issuance of a tax sale deed issued pursuant to the Order of the Delaware County Circuit Court." (R. 42).

## DECISION

■ Provisions concerning property taxes are found in Article 1.1 of Title 6, Indiana Code. When property taxes have become delinquent, certain notice must be given and thereafter sale of the real property begins with a public auction. *Wildwood Acres v. First Citizens State Bank,* 671 N.E.2d 1199, 1201 (Ind.Ct.App.1996). Before the sale, a court hearing is required, after which the court "shall enter a judgment" and "order for sale" such real property. I.C. 6–1.1–24–4.7(b), (d). "The court that enters judgment under this section shall retain exclusive continuing supervisory jurisdiction over all matters and claims relating to the tax sale." *Id.* at (f). The highest bidder at auction acquires a certificate of sale which constitutes a lien against the real property. *Wildwood Acres* at 1201. After a subsequent redemption period and additional notice requirements, the purchaser may then "file a verified petition in the same court and under the same cause number in which the judgment of sale was entered asking the court to direct the county auditor to issue a tax deed." I.C. § 6–1.1–25–4.6(a). Upon such an order directing the county auditor to execute and deliver the tax deed, the grantee holds an estate in fee simple. *Id.* at (g). "A tax deed issued under this section is incontestable except by appeal from the order of the court directing the county auditor to issue the tax deed." *Id.* at (h).

■ In *Kiskowski v. O'Hara,* 622 N.E.2d 991 (Ind.Ct.App.1993), *trans. denied,* Maureen O'Hara had purchased certain real property but failed to record the warranty deed and, therefore, received no tax statements. The taxes became delinquent. The Kiskowskis purchased the property at the tax sale, and by order of the St. Joseph Circuit Court, the county auditor issued the Kiskowskis a tax deed for the property. Subsequently, O'Hara filed a complaint in St.

Joseph Circuit Court challenging the tax deed. Upon motion, venue was transferred to the Elkhart Superior Court. We held that an appeal to a tax deed "was not subject to a change of venue" because it "would improperly allow a court of equal jurisdiction to set aside a judgment from a different court of equal jurisdiction." 622 N.E.2d at 993. However, the O'Hara complaint also asserted claims against third parties arising from the alleged failure to record her deed. These claims were considered by the Elkhart Superior Court to be an independent action under Ind.Trial Rule 60(B) to set aside a judgment. Upon this independent action, the court granted O'Hara's motion for summary judgment. We held that the Elkhart Superior Court lacked the jurisdiction to entertain such an action because a motion for relief from judgment "must be filed in the court which issued the judgment or the order." *Id.* We found that the statute provided a remedy: the provision making a tax deed incontestable except by appeal from the order of the court directing the auditor to issue the tax deed. *Id.* Limitations placed upon a statutory remedy are strictly construed. *Id.* Therefore, because the Elkhart Superior Court had not issued the order directing the issuance of the tax deed, it lacked jurisdiction to entertain the action against third parties relating to O'Hara's deed.

Star argues that Terry's motion actually sought an untimely change of venue, citing Ind.Trial Rule 75(D); *State ex rel. Knowles v. Elkhart Circuit Court,* 268 N.E.2d 79, 256 Ind. 256 (1971); and *Etherton v. Wyatt,* 293 N.E.2d 43, 155 Ind.App. 440 (1973). Its argument thereon fails to acknowledge that here the Delaware Circuit Court had already been involved with disposition of the subject property. Its claim that *State ex rel. Indiana Life v. Superior Court of Marion County,* 399 N.E.2d 356, 272 Ind. 421 (1980), is "virtually identical" is similarly flawed. Star's Brief at 10. *Indiana Life* affirmed the jurisdiction of the Marion Superior Court to hear a matter filed in that court before enactment of a statute specifying that such a cause of action be filed in the Marion Circuit Court. Our supreme court found that because both courts held "concurrent and coextensive jurisdiction," Marion Superior

Court had *"continuing* authority and jurisdiction over the ... proceeding." *Id.,* 399 N.E.2d at 359, 360 (emphasis added).

Star argues that the Delaware County courts' enabling statutes mirror those cited in *Indiana Life* and should lead to the same result, i.e., that the Delaware Superior Court also holds jurisdiction to hear this matter. This argument again overlooks the critical fact that *Indiana Life* affirmed the *continuing* jurisdiction of the Marion Superior Court to proceed with the matter originally filed therein. Here, according to the pleadings, the tax deed on the subject property was issued pursuant to a specific cause of action in the Delaware County Circuit Court. Thus, continuing jurisdiction would be with that court.

Consistent with *Indiana Life* and *Kiskowski,* the statutory provisions governing a tax sale deed vested continuing, exclusive jurisdiction over challenges to that deed in the Delaware Circuit Court.

■ Star's final claim is that even if the Delaware Circuit Court holds exclusive jurisdiction for all matters relating to the tax sale, the first count of its complaint sought "possession of mobile home." [1] Star's Brief at 13. Star contends that the issues underlying this claim do not relate to the tax sale in any way. We disagree; the minimal facts before us indicate that the question of Star's interest in the home Shelton financed and any possessory right thereto is very much related to the tax sale and tax deed proceedings. Further, this conclusion is buttressed by *Kiskowski* 's holding that an action against third parties arising from an alleged failure to record a deed must be presented to the court which directed the county auditor to issue the tax deed.

We affirm.

HOFFMAN, J., concurs.

RUCKER, J., concurs in result.

---

**1.** We note that the complaint actually sought possession of a "1988 Holly Park 60 × 28 Modu-