George W. **KESSEN** and Thomas
C. Kessen, Appellants–
Respondents,

v.

Dennis D. **GRAFT** and Alieta A. Graft,
Appellees–Petitioners.

No. 57A03–9709–CV–309.

Court of Appeals of Indiana.

May 4, 1998.

---

Richard K. Muntz, LaGrange, for Appellants–Respondents.

David K. Hawk, Jeffrey P. Smith, Hawk, Haynie, Gallmeyer & Chickedantz, Fort Wayne, for Appellees–Petitioners.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

George W. and Thomas C. Kessen appeal the trial court's dismissal of their appeal of an order issuing a tax deed to Dennis and Alieta Graft.

We reverse.

### ISSUE

Whether the trial court erred in dismissing the Kessens' appeal as untimely.

### FACTS

On October 23, 1991, attorney Dennis Graft and his wife, Alieta, purchased several contiguous tracts of lakefront real estate in Noble County at a tax sale. At the time of the sale, the property was owned by brothers George and Thomas Kessen. In June 1992, the Grafts sent redemption notices to the Kessens at a Florida address which was listed on the Kessens' Noble County tax statement. The post office returned the notices to the Grafts as undeliverable.

In September 1992, the Grafts filed a petition asking the trial court to direct the Noble County Auditor to issue them a tax deed if the Kessens did not redeem the property before October 23, 1992. The Grafts mailed notice of the petition to the Kessens at the Florida address, and the post office again returned the notice as undeliverable. Thereafter, on November 4, 1992, the Grafts issued notice of the petition by publication in the *Albion New Era*. On November 23, the trial court granted the Grafts' petition and ordered the Noble County Auditor to issue a tax deed.

In December 1993, the Grafts wrote George Kessen a letter requesting that he remove his personal property from the real estate by January 1, 1994. The Grafts sent the letter to Kessen at an address in Fort Wayne, Indiana. The Grafts also wrote a similar letter to the Kessens' brother, John,

at another Fort Wayne address. Sometime between December 1993 and June 1994, the Grafts allegedly destroyed all of the improvements on the real estate and cut down all of the trees.

On June 7, 1994, the Kessens filed suit against the Grafts to quiet title and for damages. At some point, the Grafts apparently filed a motion for summary judgment, and on June 19, 1996, the trial court found that the Grafts "did not properly obtain constitutionally adequate service on the Kessens...." (R. 81). The court therefore denied the Grafts' summary judgment motion and declared the tax deed issued to them to be void. The court ordered the Noble County Auditor to "rescind the tax sales certificate regarding the Real Estate upon payment by the Kessens of the statutory sums required for redemption." (R. 81).

The Grafts filed motions to correct error and for relief from judgment, and on September 30, 1996, the court granted the Grafts' motions, vacated its June 19, 1996, order and dismissed the Kessens' suit for lack of subject matter jurisdiction. In support of its decision, the court cited Ind.Code 6–1.1–25–4.6(h), which provides that a "tax deed ... is incontestable except by appeal from the order of the court directing the county auditor to issue the tax deed," and *Kiskowski v. O'Hara*, 622 N.E.2d 991 (Ind.Ct.App.1993), *reh'g denied, trans. denied,* wherein this court held that the Elkhart Superior Court lacked jurisdiction to set aside the judgment of the St. Joseph Circuit Court in an independent action to defeat a tax deed.

On October 8, 1996, the Kessens filed an "Appeal of Order Issuing Tax Deed, Petition to Set Aside Tax Deed and to Quiet Title, and Complaint for Damages" wherein they alleged that the original order issuing the tax deed was void because the Grafts had not served proper notice. The Kessens averred that George Kessen had lived in a house located on the real estate from April 1992 until April 1993 when the Grafts were attempting to contact him in Florida. Further, Kessen's house was located less than one mile from Rome City where the Grafts resided. Lastly, the house was connected to local utilities and had residential telephone ser-

vice, and Kessen's telephone number and address were listed in the area telephone directory.

The Grafts responded with a motion to dismiss the appeal, and on May 6, 1997, the trial court issued an order which provides in pertinent part as follows:

[T]he court now concludes that the appeal process contemplated by *I.C.* §§ 6–1.1–25–4.6(h) and 6–1.1–25–16 includes motion practice generally under the *Indiana Rules of Trial Procedure,* and specifically under Rule 60 thereof. *T.R.* 1 and 3: *I.C.* §§ 6–1.1–25–4.6(a) and 6–1.1–24–4.7(a) and (b), *inter alia. See also Ball Stores, Inc. v. State Board of Tax Commissioners* (1974), 262 Ind..386 at 391, 316 N.E.2d 674 at 676–677. . . . However, under the facts and circumstances of this cause, the Court further concludes that the appeal of order issuing tax deed, petition to set aside tax deed and to quiet title and complaint for damages filed by Defendants Kessen on or about October 8, 1996 in this cause is untimely under *T.R.* 60(B). Plaintiff's Motion to Dismiss Appeal is therefore GRANTED and said appeal is now therefore DISMISSED.

(R. 83). It is from this dismissal that the Kessens appeal.

## DECISION

The Kessens argue that the trial court erred in dismissing their appeal as untimely. We agree.

■ Ind.Code 6–1.1–25–16 provides that a "person may, upon appeal, defeat the title conveyed by a tax deed." The statute does not provide the procedure for an appeal, and no reported decisions have addressed this issue. However, our supreme court has previously stated that when a statute does not provide its own procedures, Indiana Trial Rules are applicable. *Ball Stores, Inc. v. State Board of Tax Commissioners,* 262 Ind. 386, 391, 316 N.E.2d 674, 677 (1974). Because an appeal of the issuance of a tax deed involves a factual determination, we agree with the trial court that the proper procedure for appealing the issuance of a tax deed is found in Ind.Trial Rule 60, which provides in pertinent part as follows:

On motion and upon such terms as are just the court may relieve a party . . . from an entry of default, final order or final judgment, including a judgment by default for the following reasons:. . . .

(6) the judgment is void.

■ Here, we agree with the trial court's initial June 1996 order that the Graft's tax deed is void because the Grafts did not properly obtain constitutionally adequate service. *See Shotwell v. Cliff Hagan Ribeye Franchise,* 572 N.E.2d 487 (Ind.1991). Prior to an action which will affect an interest in life, liberty, or property protected by the Due Process Clause of the Fourteenth Amendment, a State must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank and Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Notice is constitutionally adequate when the practicalities and peculiarities of the case are reasonably met. *Id.*

■ Here, while the Grafts were sending notices to the Kessens in Florida, which the post office was returning as undeliverable, George Kessen was living in a house on the tax sale property, just a mile from Rome City where the Grafts resided. In addition, the house was connected to local utilities and had residential telephone service, and Kessen's telephone number and address were listed in the area telephone directory. The law imputes to a purchaser of land all information which would have been conveyed by an actual view of the premises. *Fenley Farms, Inc. v. Clark,* 404 N.E.2d 1164, 1171–72 (Ind.Ct.App.1980). Based upon the facts of this case, the practicalities and peculiarities of the case were not reasonably met and notice was not constitutionally adequate.

■ We further note that Ind.Code 6–1.1–25–4.5(b) requires that notice by publication be given once each week for three consecutive weeks. The Grafts issued notice by publication one time, on November 4, 1992. Failure to comply substantially with statutes governing tax sales renders void subsequent

tax deeds which deprive owners of their property. *Smith v. Breeding*, 586 N.E.2d 932, 935 (Ind.Ct.App.1992) and cases cited therein.

The trial court vacated its June 1996 order, wherein it found that the Grafts "did not properly obtain constitutionally adequate service on the Kessens," (R. 81), in September 1996, and nine days later, on October 7, 1996, the Kessens filed the statutory "appeal." The trial court dismissed the Kessens' appeal as untimely under T.R. 60(B). The issue before us is whether the trial court erred in dismissing the appeal.

According to T.R. 60(B), when a party files a motion seeking relief from a judgment on the grounds that the judgment is void, the motion—or in this case, the appeal of the issuance of the tax deed—"shall be filed within a reasonable time." The determination of what constitutes a reasonable time varies with the circumstances of each case. *Levin v. Levin*, 645 N.E.2d 601, 604 (Ind.1994). Relevant to the question of timeliness is prejudice to the party opposing the motion and the basis for the moving party's delay. *Id.*

Here, the Kessens first received notice of the tax sale and deed in a December 1993 letter from the Grafts. Six months later, in June 1994, the Kessens filed suit against the Grafts to quiet title and for damages. Two years later, the trial court found the tax deed to be invalid because the Grafts did not obtain adequate service. The Grafts filed motions to correct error and for relief from judgment, and three months later, the trial court vacated its June 1996 order and dismissed the suit for lack of subject matter jurisdiction. Nine days later, the Kessens filed an appeal of the order issuing the tax deed.

First, we find no prejudice to the Grafts. *See Levin.* They were put on notice that the Kessens were challenging the issuance of the tax deed in June 1994 when the Kessens filed suit against them to quiet title and for damages. Second, the basis for the Kessens' "delay" is that the trial court did not rule on their June 1994 action until June 1996. Then, in September 1996, the trial court va-

cated its June 1996 order and dismissed the Kessens' case for lack of subject matter jurisdiction. The Kessens filed their appeal nine days later. Based upon the facts of this case, the Kessens' appeal was filed within a reasonable time, and the trial court erred in dismissing it as untimely.

Reversed.

RUCKER, J., concurs.

GARRARD, J., dissents with separate opinion.

## GARRARD, Judge, dissenting.

Void is void, except when it's merely voidable. If the tax sale deed in this case were void I would have little difficulty concurring in the result reached by the majority. But unfortunately and yet accurately, as Judge Sullivan explained for the court in *Trook v. Lafayette Bank and Trust Co.*, 581 N.E.2d 941, 944 (Ind.Ct.App.1991) *trans. denied,* our appellate decisions often seem to use "void" and "voidable" interchangeably without regard for the important, if technical, distinctions in their meanings. If an instrument or judgment is void, it is of no effect whatever and is subject to collateral attack at any time. On the other hand, if an instrument or judgment is merely voidable, its deficiencies may be waived and it is subject only to direct, and not collateral, attack. A lack of jurisdiction of the particular case or lack of jurisdiction of the person (at least where the lack of jurisdiction does not appear on the face of the judgment) results in a judgment that is merely voidable. *Id.* On the other hand, a judgment rendered by a court lacking in general subject matter jurisdiction is void.

With that much said, we should turn attention to the statutes providing for the issuance of tax deeds. Without considering the decided cases *seriatim* I am willing to accept as conjecture that at least in some of the early tax deed decisions, the court meant that deficient deeds were actually void. The legislature has, however, in the current version of the statutes authorizing tax sales and tax deeds, clearly taken the position that erroneously issued deeds are merely voidable. That is the necessary implication of Indiana

Code § 6–1.1–25–4.6(h). which provides that tax deeds are incontestable except by appeal from the order of the court directing issuance of the deed. In addition, while the court in *Kiskowski v. O'Hara*, 622 N.E.2d 991 (Ind.Ct.App.1993) *trans. denied*, did not expressly address the question, it required the statutory procedure to be followed.

Giving due deference to the legislative purpose and applying our traditional analysis in differentiating between things void and voidable, it appears to me that the tax deed at issue here is merely voidable.

It follows then that the alleged defects in notice may be waived. I conclude that they have been.

Initially, I find that the Kessens are not entitled to the aid of equity. That is so because equity aids the vigilant and requires clean hands. At minimum the Kessens knew that the property in question was subject to real estate taxes, that they had moved from the Florida address to which notices had been sent in the past and that they were not, in fact, paying any real estate taxes on the property in question. Thus, they have no particular standing in equity.

Because the tax statute spells out no procedure for the appeal that it recognizes, the trial court, relying upon *Ball Stores, Inc. v. State Bd. of Tax Comm'rs*, 262 Ind. 386, 316 N.E.2d 674, (1974) determined that the Trial Rules, specifically T.R. 60(B), applies. The *Kiskowski* court appears to have approved this approach, and I do not disagree.

The trial court found that the delay in commencing the direct attack pursuant to T.R. 60(B) was too great. The tax deed was issued November 25, 1992. The "appeal" was commenced October 8, 1996. Kessens assert that they nevertheless commenced the appeal within a reasonable time pursuant to T.R. 60(B)(6) because the Journey's Account Statute, Indiana Code § 34–1–2–8, should permit them to treat the 1996 appeal as a continuation of the action to quiet title that they had commenced in June, 1994. The Grafts correctly point out that Indiana Code § 34–1–2–8 applies to plaintiffs. That is, it permits a plaintiff whose action fails for other than one of three enumerated reasons, to again commence the action within three years of the first failure (or the last date available under the statute of limitations governing the original action). While Kessens were plaintiffs in the 1994 action, they stand in the shoes of defendants in appealing the judgment ordering the tax deed.

Even so, under the peculiar facts of this case it is arguable that for TR 60(B) purposes the long pendency of Kessens' original suit and their promptness in commencing the "appeal" upon the dismissal of the original suit qualifies as a "reasonable time" even though Indiana Code § 34–1–2–8 does not apply. The argument does not, however, demonstrate an abuse of discretion by the trial court. More than a year and a half elapsed between the issuance of the tax deed and the commencement of Kessens' quiet title action. Furthermore, throughout the entire period after issuance of the tax deed, the statute required that the deed could only be attacked through an appeal.[1] The court could well have determined within its discretion that Kessens' delay was not reasonable and we cannot say that an abuse of discretion was committed when the trial court so found.

Secondly, in order to be entitled to relief under T.R. 60(B) the claimant must present admissible evidence of a meritorious defense. Unlike the majority, I am unable to find such evidence in an order which has been vacated in a suit which was dismissed for want of jurisdiction.

One final point bears mention. Relying upon a statement by our supreme court in *K.S. v. R.S.*, 669 N.E.2d 399, 405 (Ind.1996) (DeBruler, J. dissenting) Grafts argue that since T.R. 60(B)(6) refers to judgments that are *void*, it is not available to attack proceedings that are merely voidable. I do not believe that was the court's intent in *K.S.* An attack brought under T.R. 60 is a direct attack upon the judgment because, although belated, it nevertheless is a part of the original proceeding. If T.R. 60(B)(6) is not available to attack voidable judgments, then it is superfluous because a truly void judgment can be attacked collaterally and at any time.

1. *See* P.L. 83–1989, Sec. 15.

I would construe T.R. 60(B)(6) to apply to judgments that are either void or voidable.

In sum I would find the tax deed voidable rather than void. While I would find that attacking the deed through T.R. 60 was proper, I would find that no abuse of discretion has been established in the determination that the motion was filed too late. I would affirm the trial court. Therefore, I respectfully dissent.