**B P AMOCO CORPORATION,**
**Appellant–Plaintiff,**

v.

Robert SZYMANSKI, Lake County Board of Commissioners and Lake County Auditor, Appellees–Defendants.

No. 45A05–0307–CV–363.

Court of Appeals of Indiana.

May 18, 2004.

Kathryn D. Schmidt, Todd A. Etzler, Burke Costanza & Cuppy LLP, Merrill-ville, IN, Attorneys for Appellant.

Richard P. Komyatte, Richard P. Komyatte & Associates PC, Highland, IN, Attorney for Appellees.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Plaintiff, B.P. Amoco Corporation (Amoco), appeals the trial court's Orders in favor of Appellees–Defendants, Robert Szymanski (Szymanski) and the Lake County Board of Commissioners (Commissioners), with regard to Amoco's Complaint to Set Aside Deed and to Quiet Title.

We reverse and remand with instructions.[1]

### ISSUE

Amoco raises three issues in this consolidated appeal, one of which we find dispositive: whether the trial court erred in finding it lacked subject matter jurisdiction under Ind. Trial Rule 12(B)(1) to hear Amoco's contest of a tax deed by way of an independent action pursuant to T.R. 60(B).

### FACTS AND PROCEDURAL HISTORY

Amoco filed a consolidated appeal to two separate Orders of the Lake County Circuit Court. The first appeal, brought in cause number 45C01–0104–CP–466, is an independent action filed by Amoco to challenge the procedure by which a tax deed was issued. (Challenge Case). The second appeal, under cause number 45C01–9908–MI–1916, disputes the trial court's Order in the tax sale procedure issuing a tax deed to the Commissioners. (Deed Case).

Amoco owned the real estate legally described as:

> Lot 25, Block 2, and the South½ of the vacated alley North of and adjoining, in Calumet Heights, as per plat thereof recorded in Plat Book 6, page 31, in the Office of the Recorder of Lake County, Indiana.

(Appellant's App. p. 54). Due to delinquent taxes, the Lake County Auditor attempted to sell this property at a tax sale in September of 1998. Because of irregularities in the sale, the property was removed from the tax sale. A year later, on September 29, 1999, the Lake County Auditor again unsuccessfully tried to sell the property.

In March of 2000, the Auditor attempted for a third time to sell the property for delinquent taxes. Since nobody elected to purchase the property, the Commissioners

---

1. Oral arguments were held on April 19, 2004, in the Court of Appeals' Courtroom. We hereby congratulate and thank counsel for their excellent presentations.

acquired a lien on the property on March 16, 2000. On October 3, 2000, the Commissioners filed a petition in the Deed Case for the issuance of a tax deed, which was granted on November 15, 2000. Subsequently, on December 20, 2000, the Commissioners conveyed the property to Szymanski by a Quit–Claim Deed.

On April 25, 2001, after realizing that its property was acquired by the Commissioners and then deeded to Szymanski, Amoco filed the Challenge Case in the Lake Circuit Court. Following the filing of this independent action, Amoco, on February 13, 2002, filed a Motion to Consolidate the Challenge Case with the Deed Case, which was denied by the trial court. In its Order of May 28, 2002, denying the consolidation, the trial court stated, in pertinent part:

> [t]he [c]ourt having considered the pleadings and the arguments contained therein finds [Amoco's] Request for Nunc Pro Tunc Order is not in compliance with Trial Rule 42(A) and further finds there is no factual basis for entering a consolidation order of the causes of action for purposes of joint hearing or trial and therefore denies [Amoco's] Motion to Consolidate.

(Appellant's App. p. 6).

On October 16, 2002, Amoco filed its Motion for Summary Judgment in the Challenge Case. Szymanski responded by filing its Motion for Summary Judgment on February 20, 2003. On May 6, 2003, the trial court conducted a hearing on both motions for summary judgment and issued its Order on June 13, 2003. The trial court's Order stated, in pertinent part:

> [a]rguments heard on Motion for Summary Judgment filed by [Amoco]. Arguments heard on Motion for Summary Judgment filed by [Szymanski]. *The [c]ourt now finds that it lacks subject matter jurisdiction of this cause* and hereby grants Motion for Summary

Judgment filed by [Szymanski]. The [c]ourt further finds that since it lacks subject matter jurisdiction in this cause, Motion for Summary Judgment filed by [Amoco] is moot.

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that [Amoco] take nothing on its [c]omplaint. Judgment for [Szymanski].

(Appellant's App. p. 7) (emphasis added).

Following this Order, on May 16, 2003, Amoco filed its Motion for Relief from Judgment and to Set Aside the Tax Deed, including a Complaint to Quiet Title, pursuant to T.R. 60(B) in the Deed Case. On July 29, 2003, Szymanski filed his response and answer, which included his Complaint to Quiet Title. Subsequently, on August 6, 2003, the trial court entered its Order denying Amoco's T.R. 60(B) Motion for Relief. In its Order, the trial court held, in pertinent part:

> [t]he [c]ourt having carefully considered the pleadings and the arguments contained therein hereby denies [Amoco's] Trial Rule 60(B) Motion, *specifically finding that [Amoco's] filing of an independent action seeking relief from judgment was an improper legal process to challenge by appeal the validity of the tax deed* and further finds that the Trial Rule 60(B) Motion was not timely filed.

(Appellant's App. p. 9) (emphasis added).

By way of a consolidated appeal, Amoco now appeals the trial court's Order in both the Deed Case and the Challenge Case. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

First, Amoco contends that the trial court erred by declaring that it lacked subject matter jurisdiction in the Challenge Case and, thereby, finding its Motion for Summary Judgment to be moot. Spe-

cifically, Amoco asserts that an independent action, filed in the same court that issued the original tax deed, is a valid cause of action pursuant to T.R. 60(B) to appeal the issuance of a tax deed. Thus, Amoco maintains, the trial court did have jurisdiction to adjudicate the Challenge Case. Conversely, Szymanski asserts that the only procedure available to contest a tax deed is by filing a T.R. 60(B) motion in the Deed Case. Therefore, Szymanski alleges, the trial court properly ruled that it lacked subject matter jurisdiction in the Challenge Case.

## I. Standard of Review

■ In the instant case, the trial court determined that Amoco's Motion for Summary Judgment was moot due to the trial court's lack of subject matter jurisdiction pursuant to T.R. 12(B)(1). Lack of subject matter jurisdiction can be raised at any time, and either the trial court or this court is required to consider the issue *sua sponte* if it is not properly raised by the party challenging jurisdiction. *See Stewart v. Kingsley Terrace Church of Christ, Inc.,* 767 N.E.2d 542, 544 (Ind.Ct.App. 2002). A close reading of the trial court's order of June 13, 2003, leaves us confused as to whether the trial court characterized its adjudication as a dismissal of the cause of action based on the lack of subject matter jurisdiction or as a grant of summary judgment for Szymanski. Nevertheless, even if the trial court erred in treating the issue as a matter of summary judgment, this court would treat the parties' motions for summary judgment as a motion to dismiss for lack of subject matter jurisdiction. *See id.; Brazauskas v. Fort Wayne–South Bend Diocese, Inc.,* 714 N.E.2d 253, 259 (Ind.Ct.App.1999), *trans. denied; Albright v. Pyle,* 637 N.E.2d 1360, 1364 (Ind.Ct.App.1994) (where we held that when there is a lack of subject-matter jurisdiction, the court has been said to be without jurisdiction to do anything in the

case except to enter an order of dismissal). However, because the trial court considered matters outside the pleadings to reach its decision, the trial court's determination must be reviewed under the standard of review for summary judgment as provided in T.R. 56. *See* T.R. 12(B); T.R. 56.

Thus, in reviewing the propriety of a trial court's ruling of summary judgment, we apply the same standard as the trial court. *Schoknecht v. Hasemeier,* 735 N.E.2d 299, 301 (Ind.Ct.App.2000). We do not reweigh the evidence designated by the parties. *Id.* Instead, we liberally construe the evidence in the light most favorable to the non-moving party. *Id.* Summary judgment is appropriate only if the pleadings and evidence show: 1) the absence of a genuine issue of material fact, and 2) the moving party is entitled to judgment as a matter of law. *Id.* at 301–02. A trial court's grant of summary judgment is clothed with a presumption of validity. *Id.*

## II. Independent Action Pursuant to T.R. 60(B)

■ Amoco now contends that the issuance of a tax deed may be challenged by filing an independent cause of action pursuant to T.R. 60(B) in the same trial court that awarded the original tax deed. Thus, Amoco asserts, since it filed its independent cause of action in the trial court that issued the tax deed to the Commissioners, the trial court had subject matter jurisdiction in the Challenge Case. Indiana Code Section 6–1.1–25–4.6(h) (2001) stipulates that [a] tax deed issued under this section is incontestable except *by appeal* from the order of the court directing the county auditor to issue the tax deed. However, our legislature did not detail the appropriate procedure for an appeal under this statute, and no reported decisions have

addressed this issue squarely on point. As such, the question presented by Amoco is a matter of first impression.

■ The interpretation of a statute by a trial court is a question of law to which this court owes no deference. *Breece v. Lugo*, 800 N.E.2d 224, 226 (Ind.Ct.App. 2003). Appellate courts review questions of law under a de novo standard and owe no deference to a trial court's legal conclusions. *Id.* In this regard, our supreme court has previously stated that when a statute does not provide its own procedures, Indiana Trial Rules are applicable. *Ball Stores, Inc. v. State Bd. of Tax Comm'rs*, 262 Ind. 386, 316 N.E.2d 674, 677 (1974). Whereas the more traditional interpretation of an appeal is the removal of the cause of action from an inferior court to a superior court, Amoco references *Hall v. Kincaid*, 64 Ind.App. 103, 115 N.E. 361 (1917) (quoted in *Kiskowski v. O'Hara*, 622 N.E.2d 991 (Ind.Ct.App. 1993)) as an example that, besides the strict meaning of the word, an appeal can involve several different interpretations. *Id.* at 365. Therefore, Amoco proposes to interpret the language of T.R. 60(B) as allowing the filing of an independent action to appeal the issuance of a tax deed. T.R. 60(B) states, in its final paragraph, that:

> [a] motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation. *This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order* or proceeding or for fraud upon the court .... and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules *or by an independent action.*

(Emphasis added).

In support of their respective arguments, both Amoco and Szymanski direct us to the same set of cases. Amoco relies primarily on *Kiskowski v. O'Hara*, 622 N.E.2d 991 (Ind.Ct.App.1993), *reh'g denied, trans. denied,* for its contention that T.R. 60(B) permits bringing an independent action in this case. In *Kiskowski*, O'Hara failed to receive property tax statements because she neglected to record the warranty deed to property she purchased in the county auditor's office. *Id.* at 992. Consequently, the taxes became delinquent. *Id.* The property was eventually sold at a tax sale to Kiskowski, who was later issued a tax deed for the property by Order of the St. Joseph Circuit Court. *Id.* In addition to filing a complaint to appeal the issuance of the tax deeds, O'Hara also asserted claims against third parties for failure to record her deed which resulted in her lack of notice of the tax sale. *Id.* After filing in the St. Joseph Circuit Court, the venue was transferred to the Elkhart Superior Court. *Id.*

Having concluded that Kiskowski's contention—that the appeal should have gone directly to the court of appeals—had already been decided to the contrary in *Hall v. Kincaid*, 64 Ind.App. 103, 115 N.E. 361, 365 (1917), this court turned to the other issues raised. *Id.* at 992. With regard to O'Hara's claim against third parties, we stated that the claim was properly filed in the St. Joseph Circuit Court. *Id.* at 993. However, we continued, the transfer to the Elkhart Circuit Court improperly allowed a court of equal jurisdiction to set aside a judgment from a different court of equal jurisdiction. *Id.* Therefore, we concluded that an appeal pursuant to I.C. § 6–1.1–25–4.6(h) should be filed in the same trial court that issued the original tax deed. *Id.* Although we decided the jurisdictional issue with regard to the appeal, we now find the *Kiskowski* court to be silent as to the determinative method of appealing the issuance of a tax deed.

Next, in support of its claim that there are effectively two methods to set aside a tax deed on appeal, Amoco focuses on *Northern Industries, Inc., v. Bd. of Comm'rs Cty. of Delaware*, 627 N.E.2d 1319 (Ind.Ct.App.1994). In this case, Northern Industries lost its property through a tax sale. The Circuit Court of Delaware County entered the Order and issued a tax deed. *Id.* at 1320. Northern Industries filed an independent action in the Delaware Circuit Court. *Id.* Hoepner, the tax purchaser, challenging the appeal process, alleged, as Kiskowski, that the appropriate forum is the court of appeals, not the Delaware Circuit Court. *Id.* Referring to *Kiskowski*, we determined that:

> an I.C. § 6–1.1–25 appeal is properly filed in the trial court 'where the necessary evidence can be presented and the factual determinations can be made.' Therefore, the trial court correctly determined that Northern Industries properly sought relief in the Delaware Circuit Court.

*Id.* at 1321 (quoting *Kiskowski*, 622 N.E.2d at 992). Nevertheless, as in *Kiskowski*, our opinion is silent as to whether the pleading which seeks the relief should be in the form of an independent action or by way of a motion pursuant to T.R. 60(B).

In *Star Financial Bank v. Shelton*, 691 N.E.2d 1338 (Ind.Ct.App.1998), *trans. denied*, after having purchased property through the Delaware Circuit Court, the tax sale purchaser filed a complaint in the Delaware Superior Court to evict the individual living there. *Id.* at 1340. Starr Financial Bank moved to intervene because it alleged an interest in the property and filed a complaint to set the sale aside for lack of notice. *Id.* The purchaser asked the trial court to dismiss Starr Financial Bank's complaint for lack of subject matter jurisdiction. *Id.* The trial court agreed and Starr Financial Bank

appealed. *Id.* Again, referencing *Kiskowski*, we held that the Delaware County Circuit Court—instead of the Delaware County Superior Court—held continuing jurisdiction over matters relating to the tax sale and deed. *Id.* at 1341.

Next, Amoco refers to the recent *Reeder Associates II v. Chicago Belle, Ltd.*, 778 N.E.2d 828 (Ind.Ct.App.2002), *trans denied*. However, our review of the case reveals that, instead of an independent action, Chicago Belle elected to file a motion pursuant to T.R. 60(B) within the tax sale proceeding to vacate the issuance of the tax deed. *Id.* at 831. Thus, Amoco's use of the case is misplaced.

Claiming that only *Kiskowski* is remotely relevant to the case at hand, Szymanski, in turn, focuses our attention on *Kessen v. Graft*, 694 N.E.2d 317 (Ind.Ct.App.1998) (Garrard, J., dissenting), *trans. denied*, which he describes as a case on all fours. (Appellee's Br. p. 14). In *Kessen*, the Grafts purchased several tracts of land, owned by the Kessens, in a tax sale. *Id.* at 319. After several redemption notices sent to the Kessens were returned as undeliverable, the Kessens eventually received notice of the tax sale. *Id.* Approximately three years after the tax sale, the Kessens filed suit by way of an independent action against the Grafts to quiet title and for damages. *Id.* After the Grafts filed a motion for summary judgment, the trial court found the tax deed to be void due to the Grafts' failure to obtain proper service on the Kessens and ordered the tax sale to be rescinded. *Id.* However, the Grafts filed a motion to correct error and a motion for relief from judgment which was granted by the trial court and, while citing *Kiskowski*, the trial court dismissed the Kessens' suit for lack of subject matter jurisdiction. *Id.* Unlike the instant case, this decision was not appealed. *Id.*

Rather, the Kessens filed an appeal by T.R. 60(B) motion in the same court that originally issued the tax deed. *Id.* This trial court, after determining that the appeal process contemplated by I.C. § 6–1.1–25–4.6(h) includes motion practice under T.R. 60, found the motion to be untimely. *Id.* at 320. The Kessens appealed. *Id.* Prior to starting our analysis of the timeliness of the motion, this court stated that because an appeal of the issuance of a tax deed involves a factual determination, we agree with the trial court that the proper procedure for appealing the issuance of a tax deed is found in T.R. 60. *Id.* We reversed the trial court's Order on the basis that the Grafts had notice of the challenge to the issuance of the tax deed ever since the Kessens filed the initial suit. Therefore, there was no prejudice to the Grafts by the untimely filing of a motion under T.R. 60(B). In further support of his contention, Szymanski relies on our recent decision in *Schaefer v. Kumar*, 804 N.E.2d 184 (Ind.Ct.App.2004), where we stated that the proper procedure for appealing the issuance of a tax deed is a motion for relief from judgment under Ind. Trial Rule 60. *Id.* at 188 fn. 4.

Despite Szymanski's reliance on *Kessen* as a case directly on point, and his subsequent reference to *Schaefer,* we find both cases to be distinguishable from the situation at hand. As noted by Amoco, the issue determined in *Kessen* is whether the Kessens's T.R. 60(B) motion was filed untimely. Furthermore, *Schaefer's* statement was included in a footnote. As a result, both these statements, indicating that the procedure contemplated by the tax sale statute to appeal the issuance of a tax deed is by way of a T.R. 60(B) motion, is merely dicta, and thus, persuasive at best. And today, we are not persuaded.

■ Here, the precise issue confronting this court is whether a tax deed can be appealed by both an independent action under T.R. 60(B) and by a motion pursuant to T.R. 60(B). We hold it can.

■ First, we note that statutorily, I.C. § 6–1.1–25–4(h) does not define the appeal to contest the trial court's issuance of a tax deed, therefore, we look to the Indiana Trial Rules for guidance. *See Ball Stores, Inc.,* 316 N.E.2d at 677. Further, in line with our vintage decision in *Hall v. Kincaid,* 64 Ind.App. 103, 115 N.E. 361 (1917), we agree that an appeal can entail more than merely a transfer from an inferior to a superior court. Because appealing the issuance of a tax deed involves a factual determination, we confirm our holding in *Kiskowski* that the proper forum to file the appeal is the trial court that originally issued the tax deed.

Turning to the trial rules, the language of T.R. 60(B) expressly provides that a trial court has the power to entertain an independent action to relieve a party from a judgment. *See* T.R. 60(B). Even though we are sensitive to the argument of judicial efficiency and economy, we fail to see how a trial court's actual caseload will be increased by allowing a party, determined on appealing the issuance of a tax deed, a choice in the specific method of appeal. Since the same trial court retains jurisdiction over the appeal, the difference between a motion under T.R.60(B) or an independent action pursuant to T.R. 60(B) becomes immaterial.

Moreover, no prejudice results from granting parties a choice in procedural remedy. Whereas an independent action has the advantage of including the purchaser of the property covered by the tax deed in the cause and alerting him to the contested nature of the deed, the ultimate question in both remedies revolves around the validity of the Commissioners' deed.

Nonetheless, Szymanski, extrapolating from the 2001 legislative amendment designating a specified sixty-day time limit to file an appeal against the issuance of tax deed, alleges that an independent cause of action pursuant to T.R. 60(B) would create an anomalous situation. Szymanski insists that an appeal to the issuance of a tax deed by motion under T.R. 60(B) would be time barred after sixty days, whereas the appeal by way of an independent cause of action would include a much larger timeframe. We find Szymanski's contention to be without merit. Since an appeal to a tax deed can be filed through either an independent action or a motion pursuant to T.R. 60(B), both remedies are subject to the same sixty-day time frame as stipulated in the current I.C. 6–1.1–25–4.6(h)[2].

Therefore, based on the Statute and T.R. 60(B), we find that the issuance of a tax deed can be appealed under I.C. § 6–1.1–25–4.6(h) by either an independent action or a T.R. 60(B) motion in the same trial court that issued the original tax deed. Since Amoco filed its appeal by way of an independent action pursuant to T.R. 60(B) in the trial court that issued the original tax deed to the Commissioners, we hold that the trial court erred in finding that it lacked subject matter jurisdiction under T.R. 12(B)(1). Accordingly, we reverse and remand this case to the trial court for further proceedings on the merits consistent with this opinion.

## CONCLUSION

Based on the foregoing, we conclude that the trial court erred in finding it lacked subject matter jurisdiction under Ind. Trial Rule 12(B)(1) to hear Amoco's

contest of a tax deed by way of an independent action pursuant to T.R. 60(B).

Reversed and remanded, for further proceedings on the merits.

BAKER, J., and DARDEN, J., concur.

---

**2.** The current I.C. 6–1.1–25–4.6(h) reads as follows: [a] tax deed issued under this section is incontestable except by appeal from the order of the court directing the county auditor to issue the tax deed filed not later than sixty (60) days after the date of the court's order.