Kenneth EDWARDS, Appellant–
Respondent,

v.

Kimberly NEACE, Appellee–Petitioner.

Court of Appeals of Indiana.

Dec. 15, 2008.

Richard Wayne Greeson, Connersville, IN, Attorney for Appellant.

Sean M. Clapp, Fishers, IN, Attorney for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Kenneth Edwards appeals the trial court's decision to deny his motion to correct errors after the trial court set aside a tax deed issued to Edwards, who had purchased at tax sale property belonging to

Kimberly Neace. Edwards argues that because Neace filed her petition to set aside the tax deed claiming insufficient notice more than sixty days after the tax deed was issued, the trial court lacked subject matter jurisdiction. Finding that the trial court did have subject matter jurisdiction and that Edwards waived his timeliness argument, and that, waiver notwithstanding, the trial court properly set aside the tax deed, we affirm the decision of the trial court.

### Facts and Procedural History

In 1998, Neace purchased Lot 218 in Lake Shore Resort, which is located in Franklin County, Indiana. Neace lived at 316 East McCabe Street, Eaton, Ohio, 45320. A printout of the Franklin County Auditor's record reveals that the "Property Address," which is a field presumably meant for the street address of the Franklin County property, is listed as the 316 East McCabe Street address and that Neace's address is listed under the "Owner Name and Address" field as 823 Barkins Avenue, Englewood, Ohio, 45322. Appellant's App. p. 35. As a result, the tax sale record appears as follows:

### 2005 DELINQUENT PROPERTY TAX SALE RECORD

\* \* \* \* \* \*

PROPERTY ADDRESS:
316 E Mccabe St
EATON, OH 45320

LEGAL 1:
LAKESHORE RESORT LOT 218 PH 1
SEC 1

OWNER NAME AND ADDRESS:
Kimberly Neace
823 Barkins AVE
ENGLEWOOD OH 45322

BUYER NAME AND ADDRESS:
KENNETH EDWARDS
12119 WILLOW DR.
DUNKIRK IN 47336

*Id.* On August 4, 2005, the Franklin County Auditor sent a pre-sale notice of tax sale to Neace at the 823 Barkins Avenue address. It was returned to the auditor marked with the notation "Unclaimed." *Id.* at 36. After a tax lien action was filed in Franklin Circuit Court, the trial court ordered on September 29, 2005, that Lot 218 be sold at a tax sale. Edwards purchased Lot 218 at the tax sale.

On February 21, 2006, Edwards sent a post-sale notice of tax sale to Neace at the 823 Barkins Avenue address. This notice was also returned with a notation from the United States Postal Service reading "Not Deliverable as Addressed—Unable to Forward" and a handwritten notation reading "not at this address." *Id.* at 48. On November 29, 2006, Edwards sent another notice, which was also returned and bore the same Postal Service and handwritten notations as the February 21 notice. *Id.*

Edwards then petitioned for a tax deed, which the trial court granted on December 11, 2006, by order and January 11, 2007, by amended order. At some point on or about April 27, 2007, Edwards notified Neace while she was on the property doing yard work that Lot 218 was sold at a tax sale and that he now owned the property by tax deed. On July 24, 2007, Neace petitioned the court to set aside the tax deed because she alleged she did not receive notice of the tax sale. Edwards filed a response, and after holding hearings, the trial court ordered the tax deed to be set aside. The trial court found that Neace's address of record was the 316 East McCabe Street address and that someone other than Neace had requested that the auditor change Neace's address of record

to the 823 Barkins Avenue address. The trial court also found that Neace had never lived at the 823 Barkins Avenue address. *Id.* at 49. Edwards then filed a motion to correct errors, which the trial court denied after holding a hearing. Edwards now appeals.[1]

### Discussion and Decision

■■■ Edwards appeals the trial court's denial of his motion to correct errors because he argues that the trial court did not have subject matter jurisdiction. We review rulings on motions to correct error for abuse of discretion. *In re Sale of Real Prop. with Delinquent Taxes or Special Assessments*, 822 N.E.2d 1063, 1070 (Ind. Ct.App.2005), *reh'g denied, trans. denied.* A trial court abuses its discretion if its decision is against the logic and effect of the facts and circumstances before the court. *Id.*

■■■ Subject matter jurisdiction refers to the power of courts to hear and decide a class of cases. *Bank One Trust No. 386 v. Zem, Inc.*, 809 N.E.2d 873, 876 (Ind.Ct. App.2004), *trans. denied; see also Williams v. Williams*, 555 N.E.2d 142, 144 (Ind.1990). The issue of subject matter jurisdiction is resolved by determining whether the claim involved falls within the general scope of authority conferred on the court by the Indiana Constitution or by statute. *Bank One Trust No. 386*, 809 N.E.2d at 876. When courts lack subject matter jurisdiction, their actions are void *ab initio* and may be attacked at any time. *Id.*

■■■ Indiana Code Chapter 6–1.1–24 governs the sale of real property when taxes or special assessments become delin-

quent. Indiana Code § 6–1.1–24–4.7(f) provides that "[t]he court that enters judgment under this section shall retain exclusive continuing supervisory jurisdiction over all matters and claims relating to the tax sale." Once a tax deed has been ordered by the trial court, the "tax deed issued under this section is incontestable except by appeal from the order of the court directing the county auditor to issue the tax deed filed not later than sixty (60) days after the date of the court's order." Ind.Code § 6–1.1–25–4.6(h). The issuance of the tax deed can be appealed under this statute by either an independent action or a Trial Rule 60(B) motion in the same trial court that issued the original tax deed. *Diversified Invs., LLC v. U.S. Bank, NA*, 838 N.E.2d 536, 544 (Ind.Ct.App.2006), *trans. denied.*

Edwards contends that the trial court did not have subject matter jurisdiction to set aside the tax deed because Neace failed to timely file her petition to set aside the tax deed within sixty days after the court's order to issue the tax deed, as required by Indiana Code § 6–1.1–25–4.6(h) since the statute was amended in 2001 to add the time limitation. *See* P.L. 139–2001, Sec. 17. Edwards argues that, as a result, the trial court's order setting aside the tax deed is void. We disagree.

Our Court has held that both available remedies, either a Trial Rule 60(B) motion or an independent action, are subject to the same sixty-day statutory time limit pursuant to Indiana Code § 6–1.1–25–4.6(h). *BP Amoco Corp. v. Szymanski*, 808 N.E.2d 683, 690 (Ind.Ct.App.2004) (finding, without discussing whether action

---

1. This appeal was originally consolidated with Neace's appeal from a separate order in Lower Cause Number 24C01–0509–MI–343. Neace appeals the trial court's dismissal of her petition to set aside the tax deed issued to Vinod Gupta for a separate piece of real estate. After Gupta and Edwards objected to the consolidation, our Court ordered the two appeals be severed and issued separate cause numbers for each. Gupta's appeal continues under Cause Number 24A01–0806–CV–255. We proceed accordingly.

should be barred as untimely, that trial court erred in dismissing for lack of subject matter jurisdiction an independent action challenging the tax sale procedure and remanding for further proceedings), *trans. denied.* After the statutory amendment and the *BP Amoco Corp.* case, this Court once again recognized the sixty-day statutory limit but found that "[a]n exception exists where a motion for relief from judgment alleges a tax deed is void due to constitutionally inadequate notice, in which case an appeal must be brought within a reasonable time rather than within sixty days." *Diversified Invs.,* 838 N.E.2d at 545. Thus, because Neace alleged insufficient notice, under the rule in *Diversified Investments,* the trial court did have subject matter jurisdiction over her petition even though it was filed later than sixty days after the trial court's order granting the tax deed. As we will discuss below, Neace also filed her petition within a reasonable time.

■■■■ Because the trial court did have subject matter jurisdiction, Edwards' objection to the timeliness of Neace's filing alleges a procedural rather than a jurisdictional error. *Packard v. Shoopman,* 852 N.E.2d 927, 931–32 (Ind.2006). This objection to the timeliness of the filing can be waived if not raised at the appropriate time. *Id.* at 932. A party may not raise an issue for the first time in a motion to correct error or on appeal. *Troxel v. Troxel,* 737 N.E.2d 745, 752 (Ind.2000), *reh'g denied.* Edwards failed to argue that Neace's petition was untimely until his motion to correct errors. Thus, Edwards' argument on appeal that Neace's petition was untimely is waived.

■■■■ Waiver notwithstanding, the trial court did not abuse its discretion in granting Neace's petition to void the judgment for lack of notice under Trial Rule 60(B)(6). If a real estate owner fails to pay property taxes, the property may be sold to satisfy the outstanding tax obligation. If there has been material compliance with each statutory step governing the tax sale process, the trial court can order that the purchaser at the tax sale be granted a tax deed. *Schaefer v. Kumar,* 804 N.E.2d 184, 191 (Ind.Ct.App.2004), *trans. denied.* The tax deed creates a presumption that the tax sale and all of the steps leading up to the issuance of the tax deed are proper. *Id.* However, this presumption may be rebutted by affirmative evidence to the contrary. *Id.* For example, the tax deed may be set aside if the three notices required by Indiana Code §§ 6-1.1-24-4 (notice of tax sale), 6-1.1-25-4.5 (notice of the right of redemption), and 6-1.1-25-4.6 (notice of petition for tax deed) were not in substantial compliance with the requirements of those sections. Ind.Code § 6-1.1-25-16(7). Each of these notices must be sent to the owner or owners of the real property at their last known address, while the notices of right of redemption and petition for tax deed may also be given by publication. *Schaefer,* 804 N.E.2d at 192.

■■■■ When tax sale notices are returned in their entirety as undeliverable, it is incumbent as a matter of both federal constitutional and state law that further action be taken to effectuate notice reasonably calculated to apprise an interested party of tax sale proceedings, if it is practicable to do so. *Jones v. Flowers,* 547 U.S. 220, 225, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006); *Diversified Invs.,* 838 N.E.2d at 542–43. Additionally, the auditor is deemed to be aware of the contents of the records maintained in its office, and due process requires the county auditor to search the records that it maintains. *See Reeder Assocs. II v. Chicago Belle, Ltd.,* 778 N.E.2d 828, 834–35 (Ind.Ct.App.2002), *trans. denied.* The auditor should have

been cognizant that there was a discrepancy in the record since the address listed as the "Property Address" was an Ohio address rather than a Franklin County address. *See Diversified Invs.*, 838 N.E.2d at 543. Additionally, the auditor should have been aware that Neace's address of record was the 316 East McCabe Street address rather than the 823 Barkins Avenue address because Neace had not requested an address change and the address was still listed in the tax sale record. Appellant's App. p. 49. In this case, the notices to Neace were returned as undeliverable, yet both the auditor and Edwards still failed to send notice to Neace's address of record, the 316 East McCabe Street address. Thus, the notices were not reasonably calculated to inform Neace of the tax sale proceedings and were constitutionally insufficient.

As a result, it was proper for Neace to petition the trial court to set aside the tax deed as a void judgment for lack of notice under Trial Rule 60(B)(6). Although Neace did not designate her petition as a Trial Rule 60(B) motion, it is apparent that the trial court treated it as such, as it was not an independent action. Trial Rule 60(B) requires that motions under Trial Rule 60(B)(6) be brought within a reasonable time. The determination of what constitutes a reasonable time varies with the circumstances of each case. *Kessen v. Graft*, 694 N.E.2d 317, 321 (Ind.Ct. App.1998), *trans. denied.* Prejudice to the party opposing the motion and the basis for the moving party's delay are relevant to the question of timeliness. *Id.*

The trial court issued the tax deed by amended order to Edwards on January 11, 2007. Neace learned about the tax sale sometime around April 27, 2007. She filed her petition to set aside the order granting the tax deed on July 24, 2007, about ninety days later. We have previously found that a delay of over four months to challenge a tax deed after it was issued was a reasonable time to bring the challenge. *Diversified Invs.*, 838 N.E.2d at 545. A reasonable time within which to file a Trial Rule 60(B) motion can even exceed one year. *Standard Lumber Co. of St. John, Inc. v. Josevski*, 706 N.E.2d 1092, 1096 (Ind.Ct. App.1999) (citing *Fairrow v. Fairrow*, 559 N.E.2d 597, 599–600 (Ind.1990) (finding eleven-year delay to file a Trial Rule 60(B)(8) motion reasonable)). Further, Edwards has not alleged or shown any prejudice based on the delay. Thus, we find that Neace filed her petition within a reasonable time and demonstrated that the judgment ordering the tax deed was void for constitutionally insufficient notice. The trial court did not abuse its discretion by setting aside the tax deed.

Affirmed.

KIRSCH, J., and CRONE, J., concur.