**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEY FOR APPELLEE
VINOD C. GUPTA:

**LEWIS MAUDLIN**
Salem, Indiana

ATTORNEYS FOR APPELLEE
BANK D, LLC:

**LYNN FLEDDERMAN**
**DOUGLAS C. WILSON**
Batesville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

IN RE: VINOD C. GUPTA TAX DEED )
)
RAHMAN IRREVOCABLE TRUST, )
)
    Appellant-Petitioner, )
)
        vs. ) No. 69A05-1105-MI-294
)
VINOD C. GUPTA and BANK D, LLC )
A/K/A BRUCE DENNI, and RIPLEY )
COUNTY TREASURER, )
)
    Appellees-Respondents. )

APPEAL FROM THE RIPLEY SUPERIOR COURT
The Honorable James B. Morris, Judge
Cause No. 69D01-0901-M1-1

**May 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

The Rahman Irrevocable Trust ("Trust") appeals the denial of two motions for relief from the judgment pertaining to the issuance of tax deeds and raises the following restated issue: whether the trial court abused its discretion in finding that the Auditor and the purchaser complied with statutory and constitutional requirements when sending notices relating to the tax sale of trust property.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Dr. Shiekh A. Rahman ("Rahman") and his wife owned two parcels of real estate in Ripley County. Rahman used the property as a satellite office for his medical practice. On September 27, 2004, Rahman transferred the parcels to the Trust, a trust he created under the provisions of a trust agreement dated November 1, 1992. The trust agreement designated Mir M. Ali ("Ali") as the trustee of the Trust. Ali resigned on March 23, 2004, and Jawaad A. Rahman was appointed successor trustee on October 26, 2004.[1] Neither Rahman, nor his wife, was designated as a trustee or a beneficiary of the Trust.

When the parcels were transferred to the Trust, the tax mailing address for the Trust filed with the Ripley County Auditor ("Auditor") was Ali as trustee at 19910 Overlook Circle, Lawrenceburg, Indiana ("19910 Overlook Circle"). This address was the location of Rahman's home. Ali never resided at the address. This address was subsequently

---

[1] No evidence was presented that notice of Ali's resignation and Jawaad A. Rahman's appointment was ever recorded with the Auditor.

renumbered by the U.S. Post Office for rezoning purposes from 19910 Overlook Circle to 19921 Overlook Circle.

After the transfer, Rahman continued to use the property for his practice. In October 2006, Rahman discovered that he had not received his most recent tax bills from the Auditor at his home address. Rahman contacted the Auditor to request that his tax statements be mailed to his primary medical office at 276 Bielby Road, Lawrenceburg, Indiana. The Auditor then sent the personal property tax statements for the medical equipment owned by Rahman to the 276 Bielby Road address. The real estate tax statements for the properties in the name of the Trust continued to be sent to Ali at 19910 Overlook Circle.

The taxes on the properties due in 2007 were not paid. On November 17, 2008, the Auditor, through its agent SRI, Inc. ("SRI"), sent a notice of tax sale by two certified mailings to Ali at 19910 Overlook Circle, the address on record in the Auditor's office. These mailings were returned undelivered with no forwarding address. On December 24, 2008, SRI sent the same notice of tax sale to Ali at 19910 Overlook Circle by first class mail. On January 8, 2009, SRI sent two more certified mailings to Ali at P.O. Box 3822, Lawrenceburg, Indiana. This address was a post office box address previously owned by Rahman. These mailings were returned undelivered. The Auditor also published a notice of the tax sale in a local paper.

On January 28, 2009, Gupta purchased the tax sale certificates for the properties at the Ripley County tax sale. The name of the owner of the properties listed on the tax sale certificates and vesting deed was Ali as trustee of the Trust. Gupta sent notice of the right of

3

redemption to Ali at 19910 Overlook Circle by certified mail. The certified mailing was returned to Gupta undelivered with "19921" handwritten on the envelope and the "10 Ove" of the address crossed out ("Marked Certified Mailing"). *Appellant's App.* at 101, *Def.'s Ex. A.*

Upon expiration of the period of redemption, Gupta petitioned for the issuance of tax deeds and sent notice of the petition to Ali at the 19910 Overlook Circle address by certified mail. After the certified mailings for the notice of the right of redemption and notice of the petition were returned undelivered, Gupta sent the notices to Ali at the 19910 Overlook Circle address again via regular mail. The regular mailings were never returned as undelivered. In addition to the mailings, Gupta also posted a sale notice on the doors of the properties.

On April 22, 2010, the court ordered the issuance of tax deeds to Gupta for the properties. Gupta subsequently sold the properties to Bank D.

In August 2010, Rahman discovered the properties had been sold. The Trust filed a Trial Rule 60(B) motion for relief from judgment for each of the properties alleging that the Auditor provided inadequate notice of the tax sale. The trial court denied both of the Trust's motions and found that the Auditor complied with relevant notice statutes and had taken additional steps reasonably calculated to notify the owner of the tax sale.

On May 19, 2011, the Trust appealed from the trial court's orders denying the Trust's motions for relief from judgment. While the appeal was pending, the Trust reviewed the Clerk's Record and noticed that Gupta had included the receipts for the certified mailing of

his notices but did not include the returned certified mailings themselves. The Trust reviewed the certified mailing tracking numbers through the U.S. Postal Service records and found that one notice was listed as "forwarded" to Gupta in Boca Raton, Florida, rather than delivered in Indiana. *Appellant's App.* at 95. The Trust filed a second Trial Rule 60(B) motion for relief from judgment alleging that this newly discovered evidence voided the judgments due to fraud. Afterwards, Gupta provided copies of the returned certified mailings themselves which showed that the U.S. Postal Service records were erroneous. While the Trust amended its second motion to remove allegations of fraud, it still alleged that the trial courts judgments should be voided because the Marked Certified Mailing provided Gupta with the Trust's correct address, which he disregarded. While the appeal was pending, the case was remanded back to the trial court for a hearing on the Trust's amended second motion for relief from judgment.

On November 7, 2012, the trial court denied the Trust's amended second motion for relief and found that the evidence pertaining to the notices sent by Gupta to the Trust was not newly discovered and that Gupta complied with the notice requirements pursuant to Indiana statute. The Trust also appeals the denial of its amended second motion for relief from judgment.

**DISCUSSION AND DECISION**

It is within the sound, equitable discretion of the trial court to grant or deny a Trial Rule 60(B) motion for relief from judgment and the decision should not be reversed in the

5

absence of an abuse of discretion.[2]  *Stronger v. Sorrell*, 776 N.E.2d 353, 355 (Ind. 2002).

Where, as here, the trial court enters special findings and conclusions pursuant to Indiana

Trial Rule 52(A), we apply a two-tiered standard of review.  *Id.*

> First, we determine whether the evidence supports the findings, and second whether the findings support the judgment.  The trial court's findings and conclusions will be set aside only if they are clearly erroneous.  In reviewing the trial court's entry of special findings, we neither reweigh the evidence nor reassess the credibility of the witnesses.  Rather we must accept the ultimate facts as stated by the trial court if there is evidence to sustain them.

*Id.*

The Trust argues that its Trial Rule 60(B) motions for relief from judgment should

have been granted because it did not receive adequate statutory and constitutional notice from

the Auditor or Gupta relating to the tax sale of the properties.[3]  The issuance of a tax deed by

the trial court creates a presumption that the tax sale and all of the statutory steps leading up

to the issuance of the tax deed were proper.  *Edwards v. Neace*, 898 N.E.2d 343, 348 (Ind.

Ct. App. 2008).  However, this presumption may be rebutted by affirmative evidence

---

[2] The Trust alternatively frames the issue as a matter of statutory interpretation of the notice provisions under the relevant Indiana statutes in order to obtain *de novo* review.  However, the issue in this case involves whether the Auditor and Gupta received information that would trigger the requirement that they take additional steps to provide notice as specified in the statutes.  This is a factual determination based on the evidence and subject to the abuse of discretion standard.

[3] Gupta argues that Rahman's Trial Rule 60(B) motions for relief from judgment are barred by Indiana Code section 6-1.1.-25-4.6(h) which sets a sixty-day deadline to appeal from the order of the trial court directing the county auditor to issue a tax deed.  However, the Trust alleges that it has received constitutionally defective notice and "[a]n exception exists where a motion for relief from judgment alleges a tax deed is void due to constitutionally inadequate notice, in which case an appeal must be brought within a reasonable time rather than sixty days."  *Edwards v. Neace*, 898 N.E.2d 343, 348 (Ind. Ct. App. 2008).
Gupta also argues that the Trust's final Trial Rule 60(B) motion for relief was precluded by *res judicata*.  However, the Trust claims that the trial court's issuance of tax deeds was void due to statutorily and constitutionally inadequate notice and *res judicata* does not apply to void judgments. *Weber v. Redding*, 163 N.E. 269, 271 (Ind. 1928);  *Neese v. Kelley*, 705 N.E.2d 1047, 1051 (Ind. Ct. App. 1999).

showing the contrary. *Id.* The tax deed may be set aside if the three notices required by Indiana Code sections 6-1.1-24-4 (notice of tax sale sent by county auditor to owner of real estate), 6-1.1-25-4.5 (notice of right of redemption sent by tax sale purchaser to owner), and 6-1.1-25-4.6 (notice of petition for tax deed sent by tax sale purchaser to owner), were not in compliance with the requirements of these sections. Ind. Code § 6-1.1-25-16(7).

## I. Notice from the Auditor

Regarding the notices sent by the Auditor, the Trust claims that because Rahman contacted the Auditor to change the mailing address where his tax statements should be sent, the Auditor should have sent the tax statement of the properties as well as the notice of tax sale to this address. The Trust also argues that had the Auditor conducted a thorough search of its records, it would have discovered additional addresses for sending notice. It contends that the Auditor's failure to do so provided the Trust with statutorily and constitutionally defective notice.

Indiana Code section 6-1.1-24-4[4] provides, in relevant part, that the county auditor must take the following steps when providing notice of tax sale to an owner of real property:

> [T]he county auditor shall send a notice of the sale by certified mail, return receipt requested, to . . . the owner of record of real property with a single owner . . . at the last address of the owner for the property as indicated in the records of the county auditor on the date that the tax sale list is certified.

> In addition, the county auditor shall mail a duplicate notice to the owner of record . . . by first class mail to the owners from whom the certified mail return receipt was not signed and returned.

---

[4] This statute was amended in 2007 by the Indiana General Assembly to comply with the United States Supreme Court's opinion setting forth the requirements of constitutional notice in *Jones v. Flowers*, 547 U.S. 220 (2006). 2007 Ind. Legis. Serv. P.L. 89-2007 (WEST).

7

Additionally, the county auditor may determine that mailing a first class notice to or serving a notice on the property is a reasonable step to notify the owner, if the address of the owner is not the same address as the physical location of the property.

If both notices are returned due to incorrect or insufficient addresses, the county auditor shall research the county auditor records to determine a more complete or accurate address. If a more complete or accurate address is found, the county auditor shall resend the notices to the address that is found in accordance with this section. Failure to obtain a more complete or accurate address does not invalidate an otherwise valid sale.

Ind. Code § 6-1.1-24-4.

The evidence shows that the Auditor complied with these steps when providing notice of the tax sale to the Trust. The Auditor sent, through its agent, SRI, a notice of tax sale via two certified mailings to Ali at 19910 Overlook Court, which was the last address on record in the Auditor's office for the Trust. Both certified mailings were returned undelivered with no suggestions for a forwarding address. SRI then sent a notice of tax sale to Ali at 19910 Overlook through first class mail. There was no evidence that the first class mailing was returned undelivered, and as a result, the Auditor was not required to take additional steps pursuant to Indiana Code section 6-1.1-24-4. However, the Auditor apparently did conduct a search of the Auditor's records[5] and sent two more certified mailings to Ali at P.O. Box 3822. After all the certified mailings were returned undelivered, the Auditor published the notice of tax sale in a local paper prior to sale.

---

[5] A reasonable inference may be drawn from the record that SRI conducted such a search and discovered this post office box owned by Rahman because it is not an address that Rahman testified that he had given to the Auditor.

8

Although the Trust argues that Rahman notified the Auditor to change the mailing address where his tax statements should be sent, Rahman was not designated as the trustee or beneficiary of the Trust and had totally divested himself of any and all interest in the ownership of the properties. *Tr.* at 28, *Tr. Supp.* at 34. As a result, Rahman had no legal authority to change the mailing address of the Trust. *Id.* The burden is on the owner of the real property to notify the county auditor of the owner's correct address. Ind. Code § 6-1.1-24-4. The Trust failed to provide any evidence that either owner of the properties, Ali, trustee of the Trust, or his successor trustee, Jawaad Rahman, contacted the Auditor to change the mailing address of the Trust.

Additionally, while the Trust argues that the physical addresses of the properties and personal property records related to the properties were in the Auditor's records, the Auditor was not required to send the notice of tax sale to either address. First, the plain language of Indiana Code section 6-1.1-24-4 requires that the county auditor search the county auditor records only if *both* the notices mailed via certified mail and first class mail are returned due to incorrect or insufficient addresses. There was no evidence that the notice of tax sale sent via first class mail was returned undelivered. Even if both mailings had been returned undelivered, serving notice to the property address is left to the discretion of the county auditor. Ind. Code § 6-1.1-24-4. Finally, requiring the Auditor to associate the medical equipment owned by Rahman, who is neither a trustee nor beneficiary of the Trust, with the properties owned by Ali, trustee of the Trust, would demand that the Auditor engage in speculation.

9

Even though the Trust did not receive the notice of tax sale, "failure by an owner to receive or accept the notice . . . does not affect the validity of the judgment and order" as long as the county auditor has mailed the notice of tax sale to the required addresses. Ind. Code § 6-1.1-24-4. The evidence shows that the notices sent by the Auditor were sufficient under Indiana Code section 6-1.1-24-4. Accordingly, the trial court did not abuse its discretion in finding that the Auditor complied with statutory and constitutional requirements when sending notice relating to the tax sale of the properties.

## II. Notice from Gupta

Regarding the notice sent by Gupta, the Trust argues that the Marked Certified Mailing received by Gupta provided notice to him of the Trust's correct mailing address. The Trust contends that Gupta's failure to mail the notice of the right of redemption and the notice of filing a petition for tax deed to this address constituted statutorily and constitutionally defective notice.

Pursuant to Indiana Code section 6-1.1-25-4.5(d), the notice of the right of redemption is to be given "by sending a copy of the notice by certified mail to . . . the owner of record at the time of the . . . sale of the property . . . at the last address of the owner for the property, as indicated in the records of the county auditor . . . ." Notice of filing a petition for tax deed is given in the same manner. Ind. Code § 6-1.1-25-4.6(a). When the statutes are read in context of the United States Supreme Court's decision in *Jones v. Flowers*, 547 U.S. 220, 225 (2006), notices mailed by certified mail and returned undelivered and unsigned, require "further action be taken . . . to effectuate notice reasonably calculated to apprise an

10

interested party of tax sale proceedings . . . ." *Edwards,* 898 N.E.2d at 348 (quoting *Jones,* 547 U.S. 220 at 225). Resending notice via first class regular mail is considered to be such a "reasonable additional step." *Jones,* 547 U.S. 220 at 234-235.

The evidence shows that Gupta complied with the notice requirements pursuant to Indiana statute by mailing the notice of the right of redemption and the notice of the petition for tax deed to the Trust by certified mail to 19910 Overlook Circle, the address on file in the Auditor's office. He then took the additional steps of sending both notices via first class mail when the certified mailings were returned undelivered. The first class mailings were never returned undelivered. Finally, Gupta tacked notice on the door of the building located on the properties. "[P]osting notice on real property is 'a singularly appropriate and effective way of ensuring that a person . . . is actually apprised of the proceedings against him.'" *Jones,* 547 U.S. at 236 (internal citation omitted).

Additionally, the evidence supports the trial court's conclusion that the markings on the Marked Certified Mailing were "simply numbers coupled with other writings" and that it did not provide information to Gupta of "another address to which [Gupta] ha[d] another duty of notice." *Appellant's App.* at 13-15. The Marked Certified Mailing with the "19921" handwritten on the envelope and the "10 Ove" of the address crossed out, *Appellant's App.* at 101, *Def.'s Ex.* A., did not provide direct proof from the U.S. Post Office of a correct forwarding address. In *McBain v. Hamilton,* 744 N.E.2d 984, 986 (Ind. Ct. App. 2001), we held that the Auditor was required to send notice to another address when "[t]he Notice, which the Auditor's office sent by certified mail . . . was returned by the post office with a

11

notation indicating that the order to forward the [property owners'] mail to their new address at 7612 Emerald Greens Drive in Cordova, Tennessee had expired." No such clear notation was present here to require Gupta to send notice to a different address in order to comply with Indiana statute. Consequently, the trial court did not abuse its discretion in finding that Gupta complied with statutory and constitutional requirements when sending notice relating to the tax sale of the properties.

Affirmed.

BARNES, J., and BRADFORD, J., concur.