**FOR PUBLICATION**



ATTORNEY FOR APPELLANT:

**AMBER J. BRESSLER**
City of Elkhart, Indiana
Elkhart, Indiana

ATTORNEY FOR APPELLEES:

**RICHARD WAYNE GREESON**
Connersville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CITY OF ELKHART, INDIANA, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 20A04-1104-MI-213 |
| | ) | |
| SFS, LLC and JEFFERSON GROUP, LLC, | ) | |
| | ) | |
| Appellees-Respondents. | ) | |

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Terry C. Shewmaker, Judge
Cause No. 20C01-0911-MI-41

**June 1, 2012**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

The City of Elkhart ("the City") appeals the trial court's grant of a motion to correct error jointly filed by SFS, LLC ("SFS") and Jefferson Group, LLC ("Jefferson"). The City raises the following three issues for our review:

1. Whether SFS and Jefferson lack standing to challenge the trial court's order for issuance of a tax deed to certain real property to the City.

2. Whether the trial court abused its discretion in considering SFS and Jefferson's designation of evidence.

3. Whether the trial court abused its discretion when it concluded that the City did not comply with Indiana law when it failed to provide SFS with notice of tax sale proceedings.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In 2007, real property in Elkhart located at 1701 Kilbourn Street ("the property") was placed in a tax sale. SFS, a limited liability company based in Birmingham, Alabama, purchased the tax sale certificate for the property on October 29, 2007. The prior owner, Gary Kratzer, did not redeem the property within one year.

Accordingly, on November 17, 2008, SFS, by local counsel, petitioned the trial court for the issuance of a tax deed. The court granted SFS' petition on January 23, 2009, and ordered the county auditor to execute and deliver a tax deed to SFS for the property.

However, before SFS had recorded its tax deed, the property was again placed in a tax sale based on SFS' failure to timely pay property taxes. The second tax sale was held on November 30, 2009, and the property went unsold, which resulted in the Elkhart County Commissioners acquiring a lien against the property on December 1 by operation

2

of law.  See Ind. Code § 6-1.1-24-6(a).  According to the second tax sale certificate, the property was still held in Kratzer's name.

Just four days after the second tax sale, on December 4, 2009, SFS recorded its tax deed from the first tax sale.  The recorded deed identifies SFS by name and states its address as 17 20th Street North, Suite 310, Birmingham, Alabama, 35203.  See Appellant's App. at 237.  The deed also contains the county auditor's stamp, noting that it had been "Duly Entered for Taxation."  Id.

On January 19, 2010, the City obtained a title report and title insurance commitment on the property.  The purpose of the title report was "to ascertain the names of all persons entitled to receive notice" before the issuance of a second tax deed.  Id. at 209.  The City instructed a paralegal to review the title work.  The title report disclosed that SFS had recorded its tax deed on December 4, 2009, and, thus, informed the City that SFS held title to the property.  The paralegal sought SFS' legal address but, rather than simply using the address that appears on the December 2009 tax deed, she instead "searched the records of the Indiana Secretary of State," which listed the address of a "Domestic Limited Liability Company" named "SFS, LLC[,] as PO Box 6272, Fishers, Indiana 46038."  Id. at 279, 287.

On February 22, 2010, the Elkhart County Commissioners assigned their certificate of sale for the property to the City.  See id. at 221.  On February 26, the City mailed notice to Kratzer and attempted notice by mail to SFS at the Fishers address informing them of the expiration of the redemption period on March 31.  Id.  In March, the City published notice in the Elkhart Truth.  After the expiration of the redemption

3

period, on April 15, 2010, the City filed a petition for issuance of a tax deed. That same day, the City mailed notice of its petition to Kratzer and again attempted notice by mail to SFS at the Fishers address. See id. at 228.

Meanwhile, SFS had issued a quitclaim deed for the property to Jefferson. Id. at 238. Jefferson recorded its deed on May 11, 2010. On June 11, 2010, the trial court granted the City's petition for the issuance of a tax deed.

On July 19, 2010, SFS and Jefferson filed a joint motion to set aside the tax deed due to lack of notice. The parties subsequently filed cross motions for summary judgment, and, on January 5, 2011, the trial court entered summary judgment for the City. On February 1, 2011, SFS and Jefferson filed a joint motion to correct error, and, after the City responded, the court held a hearing on the motion on March 11, 2011. On April 4, the court granted the motion to correct error and vacated its June 11, 2010, order for the issuance of a tax deed to the City. This appeal ensued.

## DISCUSSION AND DECISION

### Standard of Review

The City appeals the trial court's grant of SFS and Jefferson's motion to correct error. A trial court has discretion to grant or deny a motion to correct error and we reverse its decision only for an abuse of that discretion. Hawkins v. Cannon, 826 N.E.2d 658, 661 (Ind. Ct. App. 2005), trans. denied. An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. Id.

4

When the trial court granted the motion to correct error, it also vacated its summary judgment for the City, finding that genuine issues of material fact exist with regard to the issuance of the tax deed. Our standard of review for summary judgment appeals is well established:

> When reviewing a grant of summary judgment, our standard of review is the same as that of the trial court. Considering only those facts that the parties designated to the trial court, we must determine whether there is a "genuine issue as to any material fact" and whether "the moving party is entitled to a judgment a matter of law." In answering these questions, the reviewing court construes all factual inferences in the non-moving party's favor and resolves all doubts as to the existence of a material issue against the moving party. The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law; and once the movant satisfies the burden, the burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact.

Dreaded, Inc. v. St. Paul Guardian Ins. Co., 904 N.E.2d 1267, 1269-70 (Ind. 2009) (citations omitted). The party appealing a summary judgment decision has the burden of persuading this court that the grant or denial of summary judgment was erroneous. Knoebel v. Clark County Superior Court No. 1, 901 N.E.2d 529, 531-32 (Ind. Ct. App. 2009). Where the facts are undisputed and the issue presented is a pure question of law, we review the matter de novo. Crum v. City of Terre Haute ex rel. Dep't of Redev., 812 N.E.2d 164, 166 (Ind. Ct. App. 2004).

**Issue One: Standing**

The City first contends that SFS and Jefferson[1] lack standing to challenge the issuance of the tax deed to the City. "[S]tanding requires that an actual, injured party

---

[1] We note that SFS and Jefferson's summary of the argument in their appellate brief is six pages long, although their argument section is only sixteen pages long. We also note that the City uses

5

participate in this case." Simon v. Simon, 957 N.E.2d 980, 988 (Ind. Ct. App. 2011). SFS and Jefferson allege that the City used the November 30, 2009, tax sale (conducted while SFS was the fee simple title holder) and the June 11, 2010, issuance of the tax deed (issued while Jefferson was the fee simple title holder) to deprive them of their interests in the real property without the notice required by law.

The City asserts that SFS and Jefferson lack standing because neither party was an owner of record entitled to notice at the time of the 2009 tax sale. As the trial court correctly found, "to qualify as an owner of record[] a party must record his or her deed prior to the time of the tax sale." Appellant's App. at 205. But, in this case, that rule alone does not resolve the question of standing. Here, the trial court also correctly found that SFS had recorded its tax deed before the City acquired the lien on the property from the County Commissioners, that the tax deed contained an accurate address on its face, and that SFS had "obviously" demonstrated a substantial property interest of record. Id. Accordingly, on these facts, both SFS and Jefferson, as SFS' successor in interest, have demonstrated they have a substantial interest at stake and, therefore, have standing to challenge the City's right to a tax deed.

### Issue Two: Untimely Designation of Evidence

The City next alleges that the trial court "appears" to have considered SFS and Jefferson's (hereinafter collectively referred to as "SFS") designation of evidence in response to the City's summary judgment motion, even though that designation was filed

---

footnotes to cite sources throughout its brief rather than citation sentences. Citation sentences are required under our appellate rules. Ind. Appellate Rule 22 (requiring adherence to Bluebook rules); see The Bluebook: A Uniform System of Citation R. B2, at 4 (Columbia Law Review Ass'n et al. eds., 19th ed. 2010) ("In non-academic legal documents, citations appear within the text of the document as full sentences or as clauses within sentences directly after the propositions they support.").

thirty-six days after SFS filed its response to the City's motion. See Appellant's Br. at 8. It is well settled that a trial court may not consider the untimely designation of evidence. See Seufert v. RWB Med. Income Props. I Ltd. P'ship, 649 N.E.2d 1070, 1072-73 (Ind. Ct. App. 1995).

Here, however, the evidence designated by SFS was largely superfluous to the evidence already designated by the City. The only new evidence designated by SFS was proof that it is an Alabama-based corporation. Even assuming without deciding that the trial court erroneously considered that evidence, we are not persuaded that the evidence mattered. The City's own evidence made it obvious that SFS had an Alabama mailing address, and the trial court's order on the motion to correct error relies only on the City's designated evidence. Thus, even if the trial court relied on materials that were not timely designated, any such error would be harmless.

Likewise, the City baldly asserts that the trial court relied on the arguments of SFS' attorney as if they were evidence. See id. at 12. This argument is without cogent reasoning and is waived. See Ind. Appellate Rule 46(A)(8)(a). Waiver notwithstanding, again, the court's order plainly relies only on the evidence designated by the City and, therefore, there is no reversible error on this issue.

**Issue Three: Notice**

Finally, we consider whether the City provided sufficient notice to SFS of the second tax sale proceedings. The Supreme Court of the United States has described the notice requirements of due process as follows:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated,

7

under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance. But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied. The criterion is not the possibility of conceivable injury, but the just and reasonable character of the requirements, having reference to the subject with which the statute deals.

But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.

Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314-15 (1950) (citations and quotations omitted); see also Jones v. Flowers, 547 U.S. 220, 229-30 (2006) (quoting Mullane).

In Indiana:

The tax sale process involves the issuance of three notices to the property owner. The first required notice is the county auditor's notice of tax sale, which is governed by Ind. Code section 6-1.1-24-4. . . .

When tax sale notices are returned in their entirety as undeliverable, it is incumbent as a matter of both federal constitutional and state law that further action be taken to effectuate notice reasonably calculated to apprise an interested party of tax sale proceedings, if it is practicable to do so. Edwards v. Neace, 898 N.E.2d 343, 348 (Ind. Ct. App. 2008). Additionally, the auditor is deemed to be aware of the contents of the records maintained in its office, and due process requires the county auditor to search the records that it maintains. Id.

The second required notice is the notice of the right of redemption, which the person who purchases the property at a tax sale sends to the owner of the property. The governing statute, Indiana Code section 6-1.1-25-4.5, provides that a purchaser is entitled to a tax deed to a property that was sold at a tax sale only if "the purchaser . . . gives notice of the sale to the owner of record at the time of the sale and any person with a substantial property interest of public record in the tract or real property." Furthermore,

[t]he person required to give the notice . . . shall give the notice by sending a copy of the notice by certified mail to the owner of record at the time of the . . . sale of the property . . . at the last address of the owner for the property, as indicated in the records of the county auditor. . . .

I.C. § 6-1.1-25-4.5(d).

The third required notice is the notice of filing a petition for tax deed, which the person who purchases the property at a tax sale sends to the owner of the property. The relevant statute, Indiana Code section 6-1.1-25-4.6(a), provides,

[a]fter the expiration of the redemption period specified in section 4 of this chapter but not later than six (6) months after the expiration of the period of redemption . . . the purchaser, the purchaser's assignee, the county executive, or the purchaser of the certificate of sale under IC 6-1.1-24 may . . . file a verified petition in the same court and under the same cause number in which the judgment of sale was entered asking the court to direct the county auditor to issue a tax deed if the real property is not redeemed from the sale. Notice of the filing of this petition shall be given to the same parties and in the same manner as provided in [I.C. § 6-1.1-25-4.5], except that, if notice is given by publication, only one (1) publication is required.

Title conveyed by a tax deed may be defeated if the three required notices were not issued in substantial compliance with the requirements prescribed by statute. See Ind. Code § 6-1.1-25-16(7); Reeder, 778 N.E.2d at 831.

In re 2007 Tax Sale in Lake County, 926 N.E.2d 524, 527-29 (Ind. Ct. App. 2010) (some alterations and omissions original).

And, pursuant to the Indiana Code:

(b) A county executive is entitled to a tax deed to property on which the county executive acquires a lien under IC 6-1.1-24-6 and for which the certificate of sale is not sold under IC 6-1.1-24-6.1 only if:

(1) the redemption period specified in section 4(b) of this chapter has expired;

9

(2) the property has not been redeemed within the period of redemption specified in section 4(b) of this chapter; and

(3) not later than ninety (90) days after the date the county executive acquires the lien under IC 6-1.1-24-6, the county auditor gives notice of the sale to:

> (A) the owner of record at the time the lien was acquired; and
> (B) any person with a substantial property interest of public record in the tract or real property.

* * *

(d) The person required to give the notice under subsection (a), (b), or (c) shall give the notice by sending a copy of the notice by certified mail to:

> (1) the owner of record at the time of the:
>
> > (A) sale of the property;
> > (B) acquisition of the lien on the property under IC 6-1.1-24-6; or
> > (C) sale of the certificate of sale on the property under IC 6-1.1-24;
>
> at the last address of the owner for the property, as indicated in the records of the county auditor; and
>
> (2) any person with a substantial property interest of public record at the address for the person included in the public record that indicates the interest.

However, if the address of the person with a substantial property interest of public record is not indicated in the public record that created the interest <u>and cannot be located by ordinary means</u> by the person required to give the notice under subsection (a), (b), or (c), the person may give notice by publication in accordance with IC 5-3-1-4 once each week for three (3) consecutive weeks.

Ind. Code § 6-1.1-25-4.5 (emphasis added). Indiana law defines "substantial property interest of public record" as "title to or interest in a tract possessed by a person and recorded in the office of a county recorder or available for public inspection in the office

of a circuit court clerk <u>no later than the hour and date the sale is scheduled to commence</u> . . . ." I.C. § 6-1.1-24-1.9 (emphasis added).

In light of the statutory language and case law, we agree, to a point, with the City's assessment of its notice obligations. Specifically, we agree with the City that it was required to give notice to all persons with a substantial property interest of public record, based on the public record at the time of the second tax sale on November 30, 2009. But on these facts, the City was not entitled to rely entirely on the public record at the time of the sale.

The City was required to use "ordinary means" to give notice to SFS. I.C. § 6-1.1-25-4.5(d). The City contends, however, that its obligation to use ordinary means is limited to the information available in the public record at the date and time of the second tax sale. Thus, the City continues, a review of the Secretary of State's records and notice by publication were the only means available to the City to provide SFS with notice of the expiration of the redemption period and the City's petition for issuance of a tax deed. For the reasons discussed below, we cannot agree with the City's assessment.

On January 19, 2010, the City, through its paralegal, obtained actual notice of SFS' December 4, 2009, recorded tax deed, which contained SFS' Alabama address on the face of the deed. As we have explained:

> Actual notice can be divided into two categories: express . . . and implied, which is inferred from the fact that the person charged had means of knowledge which he did not use. <u>Whatever fairly puts a person on inquiry is sufficient notice where the means of knowledge are at hand</u>; and if he omits to inquire, he is then chargeable with all the facts which, by a proper inquiry, he might have ascertained. Notice is actual where the [party] is aware . . . or has such information as would lead to knowledge.

11

Crown Coin Meter Co. v. Park P, LLC, 934 N.E.2d 142, 148 (Ind. Ct. App. 2010) (emphasis added; citations and quotations omitted).

It is not clear whether or when the City's paralegal actually saw the Alabama address on the face of SFS' deed, but it is undisputed that she knew that SFS had recorded its deed. And the applicable statute concerning the county auditor's transfer book provides that:

> (a) Except as provided in section 9 of this chapter, the county auditor shall keep a transfer book, arranged by townships, cities, and towns. In the transfer book he shall enter a description, for the purpose of taxation, of land that is conveyed by deed or partition, the date of the conveyance, the names of the parties, and the post office address of the grantee.

> (b) In addition, the auditor shall endorse on the deed or instrument of conveyance the words "duly entered for taxation subject to final acceptance for transfer", "not taxable", "has already been listed for taxation", or "duly entered for taxation". The deed or instrument must include on its face the post office address of the grantee.

I.C. § 6-1-1-5-4 (emphases added). Because this statute requires that a recorded deed contain the post office address of the grantee, we conclude, as a matter of law, that when the City's paralegal learned that SFS had recorded its deed, the City was on inquiry notice that it could obtain SFS' address for tax purposes from the public records of the county auditor, recorder, or treasurer. Thus, the City is charged with actual notice of SFS' out-of-state address. See Crown Coin Meter Co., 934 N.E.2d at 148.

Accordingly, the City was on inquiry notice of SFS' correct address more than two months before the redemption period had expired and well before the City petitioned the trial court for issuance of the second tax deed. Nevertheless, the City disregarded that

12

information and resorted to alternative measures in an attempt to satisfy the statutory notice requirements for the tax sale proceedings.

Our case law does not define the "ordinary means" requirement of Indiana Code Section 6-1.1-25-4.5, and we need not explore every possible meaning of that term on these facts. See Oliverio v. Chumley, 817 N.E.2d 660, 663 (Ind. Ct. App. 2004) (noting that the legislature changed the prior requirement of "diligent inquiry" to the current, lower burden of "ordinary means"). Instead, we hold simply that where, as here, a governmental entity has knowledge or the means of knowledge at hand of the address of a person with a substantial property interest of public record, it is not ordinary to disregard that knowledge when providing notice to that person. Indeed, we agree with SFS that to permit the holder of a tax sale certificate to ignore such knowledge while divesting a person of his or her property rights would raise a serious constitutional issue. See, e.g., Jones, 547 U.S. at 229-30; Mullane, 339 U.S. at 314-15.

Neither do we agree with the City's comment that the trial court's holding "imposes a greater notice requirement on the City than is found in the tax sale statutes." Appellant's Br. at 19. The "ordinary means" requirement is a statutory requirement, and our holding today neither increases nor decreases the City's statutory burden. See I.C. § 6-1.1-25-4.5(d). Rather, as SFS correctly states, the trial court's holding merely requires the City "to use the actual[,] crucial address information it had found by its own title search in the public records in the office of the county recorder." Appellee's Br. at 26. It would not be ordinary but, rather, extraordinary to permit the City to obtain a tax deed after it had failed to send notice to the property owner's address as it appears on the

13

public records when it had the means of knowledge at hand two months before the redemption period had expired.

Accordingly, we hold that the trial court did not abuse its discretion when it granted SFS' motion to correct error and that its order was correct both as a matter of fact and as a matter of law. Because the City failed to provide adequate notice, the City's tax deed is void. See In re 2007 Tax Sale in Lake County, 926 N.E.2d at 529. We affirm the trial court's order rescinding its previous order that a tax deed be issued to the City.

Affirmed.

CRONE, J., and BROWN, J., concur.